ANNA TEAL, ADM'X., v. E. G. SEVIER AND WIFE.

The plaintiff as sole heir of S., the grantee under the Mexican government, instituted suit for the land granted to her ancestor :—the defendant, claiming as administratrix a half interest in the land by the donation of the grantee to her intestate in 1832, pleaded that S., the grantee and the ancestor of the plaintiff, in the year 1818, and for a short time thereafter, cohabited with M. D., the mother of the plaintiff, and soon afterwards separated from her; that subsequent to the separation the plaintiff was born, and the said S. and M. D., never again cohabited, but that M. D., the plaintiff's mother, cohabited with sundry other persons, and was generally profligate ; that the land in controversy·was acquired by S., after his separation from M. D.; wherefore defendant says that the land was the sole property of S., and was subject to his disposition by donation to the plaintiff and to defendant's intestate, according to the laws of Texas in 1832. *Held*, that the matters set up by the answer had no legal significance, and that exceptions to it were properly sustained.

According to the laws of Texas in 1832, a person who had a legitimate child could not adopt a stranger as his co-heir with such child.

Under the same laws, a person could only donate his property to the extent of one-fifth of his whole estate.

In 1832, the owner of a league of land in Texas donated by deed one undivided half thereof to his nephew, and the other half to his sole heir :—*held*, that the donation to his nephew, if not renounced, was good, provided it did not exceed in value the one-fifth of the donor's entire estate ; but if such donation did exceed in value the said one-fifth, then it was void for the excess.

Where such a deed was impeached by the heir on the ground that it exceeded the proportion which the donor could give, and there was no evidence showing the proportion which the value of the donation bore to the whole estate of the donor, it was error to leave it to the jury to determine whether the donation was excessive or not, and to refuse to instruct the jury that the burden was on the heir to show the excess.

An act of donation made in 1832 being proposed as evidence, it was proved that the judge before whom it was executed was dead, and his signature was proved. There being also two subscribing witnesses to the act, if it were shown that they were beyond the limits of the State, or with reasonable efforts could not be found, and their signatures were proved,—*held* to be sufficient to warrant the admission of the act in evidence.

See this case with reference to the doctrine of estoppel. The intestate of the defendant had, as administrator of the grantee of the land in controversy, returned the land in his inventory as the property of the estate of the grantee. *Held*, under the attendant circumstances, that the defendant, his administratrix, was not thereby estopped from claiming an interest in the land by donation to her intestate from the grantee in his lifetime.

APPEAL from Goliad.   Tried below before the Hon. M. P. Norton.

This was an action of trespass to try title, instituted originally. in Victoria county by the appellees against the appellant, for the recovery of a league of land.

The land in controversy was granted by the government of Coahuila and Texas to John B. Sideck, by two different grants, one made in 1830 and the other in 1834.   The plaintiffs claimed the whole of the league in virtue of the sole heirship of Louisa, the wife of E. G. Sevier, in whose joint names the suit was brought.   The fact that she was the only child of Sideck was admitted.

The defendant appeared in the character of administratrix of Peter Teal, deceased, and answered, 1st, not guilty.   2nd. That Sideck, on the 15th of December, 1832, in good faith and for a valuable consideration alienated and donated the land in controversy to Peter Teal, the defendant's intestate, and to the plaintiff Louisa, and at the same time placed the said Peter Teal in possession of the land; that Teal accepted the land in good faith, and kept possession of the same for more than ten years next preceding the death of said Sideck, and while said Sideck was in the country, and that during said ten years Sideck made no demand of the land of her intestate, the said Teal;—wherefore defendant pleads title to one undivided half of the land by the conveyance of December 15th, 1832, and by prescription.   3rd. That the land in controversy is part of the estate of John B. Sideck, owned by him in his lifetime; that said Sideck in his lifetime legitimatized and adopted as his son this defendant's intestate, the said Peter Teal, who was the nephew of said Sideck, and who was then known and recognized by the name of Peter Sideck; by which act of legitimation and adoption the said Peter Sideck, *alias* Peter Teal, became an heir at law of the said John B. Sideck, and as such was entitled, at the death of said John B., to a child's part of all the estate then owned by him; and defendant avers that her said intestate, up to the time of his death, was rightfully in possession of the said land, and that she, this defendant, is now rightfully in possession of the same as his representative.   4th. That in the year 1818 and for a short.

time thereafter, the said John B. Sideck cohabited with one Mary Dill, from whom he separated, and after the separation the said Mary became the mother of the said Louisa, one of the plaintiffs; that the said John B. Sideck and said Mary never again cohabited; but that Mary afterwards cohabited with one Villers, and also with one Nelson, and with other persons, and was generally profligate in her manners; that the land in controversy was acquired after the separation, and that said Mary and said Sideck never cohabited thereafter; and so defendant avers that the said John B. Sideck was the sole owner of the whole of said acquired land, and was in law fully authorized to dispose of the same to the said Louisa and this defendant's intestate, in manner and form as aforesaid. That the plaintiffs have been in possession of a portion of the land for many years, and have sold a large portion of the same, and themselves, their vendees and tenants, have cut down the trees, &c., to the great damage of the land. Wherefore the defendant prays judgment confirming her intestate's title to one-half of the land, and for partition by commissioners instructed to allot to the plaintiffs their half of the land to include the portion so sold and damaged by them, and to this defendant her portion to include her homestead, improvements, &c.

To all these answers, except that of not guilty, the plaintiffs excepted for insufficiency. The court sustained the exception to the fourth answer, above set out, and the defendant excepted.

The venue having been changed from Victoria county to Goliad county, the cause came to trial at the Fall Term, 1858.

As a portion of his evidence, the defendant offered the act of adoption and donation made by John B. Sideck on the 15th of December, 1832, and referred to in the opinion of the court. This instrument was executed before the constitutional alcalde and primary judge of the town of Goliad, and was also subscribed by two assisting witnesses. This instrument recited that John B. Sideck appeared, and having legitimatized for a son his nephew, Peter Sideck, was desirous of securing him in his inheritance, and proceeded to donate to him one-half of his league of land, of his stock of cattle, horses, &c., and the other half to his daughter Louisa.

Teal v. Sevier.

The defendant proved the identity of her intestate, Peter Teal, with the Peter Sideck named in this instrument.

In rebuttal, the plaintiff introduced a transcript from the records of the County Court of Refugio county, evidencing the inventory of the estate of John B. Sideck, returned to that court in 1845, by Peter Teal, defendant's intestate, as administrator. In this inventory, the league of land in controversy was returned by Teal, as the property of John B. Sideck's estate.

There was much other evidence on both sides; but as it bears no relevancy to the opinion of the court, it is not necessary to detail it.

The jury returned a verdict in favor of the plaintiffs for nine-tenths of the land in controversy. The defendant moved for a new trial, which was refused, and she appealed.

*A. H. Phillips*, for the appellant.—That under the Spanish law, the adultery of the wife forfeited her interest in the ganancial property, counsel cited Wheat v. Owens, 15th Tex. R., 241, and authorities there referred to. Counsel contended that the act of adoption and donation executed by John B. Sideck on the 15th December, 1832, was a public or authentic act, and as such was evidence without proof of execution, and cited 1st Partidas, Tit. 18, L. 1, page 222; 1 Pothier Ob., top page 369, 371. That in donations *inter vivos*, a donor, under the Spanish law, was not restricted to one-fifth of his estate, cited 2 Partidas, Tit. 4, L. 1, page 643; 1 Domat, Tit. 10, sec. 906, page 396. That there were exceptions to the restrictions imposed on donors by that law, cited 2 Partidas, Tit. 4, L. 9, page 651; and that when there is but one child, its *legitime*, or legal portion, was but one-half of the estate of the ancestor, cited 2 Domat, pages 464, 465, and articles 3403 to 3406. That appellant was not estopped by the return of the land in the inventory of Sideck's estate, made by Teal in 1845, cited 1 Greenl. Ev., 244, note 4; Comstock's N. Y. Rep., 19; 19 Tex., 308.

*A. S. Cunningham*, for the appellees.

BELL, J. We are of opinion that the court below did not err

in sustaining the exception of the plaintiffs to the fourth plea of the defendant. The plea in question did not aver that any marriage ever existed between John B. Sideck and Mary Dill, but only alleged that they cohabited, and that after separation, the said Mary Dill cohabited with several other persons. These facts have no legal significance, and could not in any way affect the rights of the parties to this suit. ·

It is true that it appears from the evidence that John B. Sideck and Mary Dill were lawfully married, but the court ruled upon the defendant's plea, before hearing the evidence, and upon exception to it as a plea. The defendant might, under the general issue, have shown the adulterous conduct of Sideck's wife, if to have done so would have availed him anything, but no such evidence was introduced.

We do not deem it necessary to express any definite opinion as to the effect of the adulterous and dissolute conduct of the wife of John B. Sideck upon the rights of the plaintiff, Louisa.

We are of the opinion that the instrument which bears date on the 15th day of December, A. D. 1832, executed by the alcalde and primary judge, Juan Jose Hernandez, is effectual as a gift by John B. Sideck to Peter Teal of so much of the league of land therein described, as the laws then in force permitted Sideck to dispose of by free gift. It appears to have been the intention of Sideck in the execution of the instrument to make a present gift to Teal of one-half of the property named, and also to adopt Teal as his heir. But the law then in force did not permit any one who had a legitimate child living, to adopt a stranger as co-heir with such child. Sideck could at that time give away the one-fifth part of his estate, but he could not give away more than the fifth part, nor could he adopt a stranger to be co-heir with his legitimate child, one of the present plaintiffs. ·

See Escriche, the word *adopcion*, also the word *legitima*, the word *Herencia*, and the word *Quinto*.

By the instrument of the 15th of December, 1832, Sideck made to Teal a gift of one-half of the property named in the instrument, and intended that the gift should take effect immediately. The instrument must therefore be held to be effectual to the extent of

Teal v. Sevier.

vesting the half of the property in Teal, unless the half so donated exceeded the one-fifth part of Sideck's whole estate at the time of the execution of the instrument, which it was the duty of the plaintiff to show; or unless Teal renounced the gift. The court below left it to the jury to determine whether the land given by the instrument in question to Teal exceeded the one-fifth part of Sideck's estate, when there was no evidence by which the jury could be guided to a conclusion as to the fact; and, also, refused the 12th instruction asked by the appellant's counsel, to the effect that if the plaintiffs claimed that the gift to Teal was excessive, the burthen was on them to show the excess, in both of which particulars the court erred.

There was an objection to the introduction of the act of donation from Sideck to Teal, on the ground that its execution was not sufficiently proven. It was shown that Hernandez, the judge, before whom the instrument was executed, was dead. His signature was proven. There is some proof about the absence of both the subscribing witnesses to the instrument, which is not very intelligible. If it was shown that they were beyond the limits of the State, or could not be found, after reasonable efforts, and their signatures were proved, we think this would be sufficient.

We are of opinion that Teal was not estopped by his acts as the administrator of Sideck, from claiming under the act of donation. He did nothing upon which the plaintiffs have acted, so that they would be injured if he is now permitted to claim against his acts. His acts as administrator must be held to be open to explanation. He might have thought himself entitled as heir, by virtue of the adoption, in which case it might still be proper to administer upon the estate of Sideck.

The views entertained by the judge below were in the main correct—but he erred in permitting the jury to find that the donation to Teal exceeded the fifth of Sideck's estate, when there was no evidence on the point, and he also erred in refusing to give the 12th in number of the instructions asked by the counsel for the defendant below—for which errors the judgment is reversed, and the cause remanded.

Reversed and remanded.