E. G. SEVIER, AND OTHERS, v. ANNA TEAL, ADMINISTRATRIX, ETC.

1. The case of Teal v. Sevier, 26 Tex., 516, respecting the law of forced heirship and the restrictions on the power of donation, formerly in force in this State, cited and approved.

2. Whether, while the law of forced heirship was in force, a donation of property was void for excess depended, it seems, upon whether the value of the donation exceeded, at the time it was made, one-fifth of the donor's entire estate; and not upon the relative values of the donation and the estate at the death of the donor.

ERROR from Goliad. Tried below before the Hon. Wesley Ogden,

The nature and material facts of this long contested litigation will be found in the report of the case in 26 Tex. R , 516, when it was before this court on a former appeal.

The suit was originally brought in 1856, and the first trial of it in the court below was had in 1858, when the plaintiffs, Sevier and wife, recovered judgment for nine-tenths of the league of land in controversy. That judgment was reversed and remanded by

this court in 1863, for reasons to be found in the report already referred to. No further action was taken in the court below until February, 1867, when the death of Mrs. Sevier was suggested, and her heirs were made parties plaintiff.

At the same term the defendant, appellee in this court, amended her answer and alleged that about the month of December, 1818, Mary Dill, the mother of Mrs. Louisa Sevier, intermarried with John B. Sideck, in the State of Louisiana, and voluntarily abandoned him, without provocation or cause, within two years after their marriage; that they never afterwards cohabited as man and wife; that Sideck died in Texas in 1842 or 1843; that Mary Dill, after abandoning him, lived in open and notorious adultery with one Nillers and one Nelson, and with divers others, and was generally profligate in her conduct down to Sideck's death; that the land in controversy was acquired by Sideck after the said Mary had so abandoned him, by means of all which the said Mary had no community interest in the land in controversy, but it was the separate property of Sideck.

Subsequently the plaintiffs filed three amendments of their petition, the material allegations of which will be found in the argument of counsel. To these amendments the defendant excepted, and the exceptions were sustained.

The last trial of the case was had in February, 1869. The jury found for the defendant one-half of the league of land in controversy, and that Sideck's wife had no interest in the land. Judgment was rendered accordingly, and a partition decreed. Plaintiffs moved for a new trial, but their motion was overruled, and they sued out their writ of error, on assignments stated or indicated, in the argument of counsel.

The document referred to by counsel as "Act A," is the act of adoption and donation made by Sideck on the fifteenth of December, 1832, and sufficiently described in 26 Tex., 518.

*A. B. Petticolas*, for the plaintiffs in error.—This is an action of trespass to try title which is sufficiently set forth for the purposes of this brief, in the case of Teal v. Sevier, 26 Tex. Reps., 516.   There was but little additional testimony and that was upon the question of the value of John B. Sideck's estate in 1832, and what property Teal received when he administered upon Sideck's estate.

I propose briefly to consider a few of the points set out in the assignment of errors:

The first is :  The court erred in sustaining the defendant's exceptions to plaintiffs' amended petitions filed February 24, 1869.

These amended petitions set up, that upon the death of Sideck, Teal, the defendant, took into his possession and appropriated to his own use personal effects belonging to Sideck's estate, largely in excess of the one-fifth thereof, to which, under the former decision of this court, he was entitled. (26 Tex. Reps., 520.)   And also denying that the gift was accompanied by possession on the part of Teal, and setting up that Sideck was seized and possessed of all the property mentioned in " Donation act A," to the date of his death.

The defendant's exceptions were :

1.  That said claim has not been presented to the administratrix, Teal, as a claim against the estate she represents.

2.  That the claim is barred by limitation.

3.  That it is irrelevant.

These objections are believed to be unavailing :

1.  Because plaintiffs were not seeking to establish any money claim against an estate, but laying a foundation upon which to show that Teal's claim against Sideck's estate by virtue of "Donation act A " had been fully paid off and discharged by his receiving the personal property and appropriating it to his own use. (Morton v. Gordon, Dallam, 400 ; Cundiff, administrator, v. Sampson, Tyler term, 1869.)

2. Because it was competent to show, that at any time thereafter he was paid that one-fifth (if indeed it was a claim), and the statute of limitations no more ran against the right of plaintiffs to show this payment than it does against Teal's own claim against Sideck's estate for one-fifth.

If that claim is to be settled on a money basis, then the value of all the property which came into his hands must be estimated in order to determine the question, had he received his fifth?

Second—The court erred in his instructions to the jury:

1. Because he treated the "Donation act A" (Tr. 92 to 97) as a deed, and charged upon it as a deed to one-half the league of land sued for, and not as a gift of one-fifth, as it was decided to be by this court at the former hearing of this case. (26 Tex., 516.)

2. Because the "Donation act A," under the decision of this court, in 26 Tex., only gives to Teal one-fifth. It is as good a gift to the personal property as it is to the real estate, and properly construed, if it grants anything, gives Teal an undivided one-fifth interest in and to all the property then in the possession of Sideck, as shown by "act A," and only one-fifth of the land could pass if he included all his estate in "act A." (Brightley's Fed. Dig., p. 164, §§ 40, 41.)

Teal has no right to say now that he will take his fifth out of the land and nothing else, or to renounce now in 1869 any interest in the personal property. He either takes under and by virtue of "act A," or he takes nothing, and *that* expressly says you shall take of the personal estate. (Little v. Bidwell, 27 Tex. R., 691, and authorities there cited.)

The donation "act A" is in fact almost a gift *causa mortis*, and should have been treated as in Ferguson v. Ferguson, 27 Tex., 340.

Unaccompanied by possession, it was more a will than a deed, as shown by its face.

As a gift it is invalid, for want of proof of its then and there going into effect by possession of the property mentioned.

The delivery to Teal of the "Donation act A," even if proved, would not have effectuated. (1 Pars. Cont., 234, 235; Uniacke v. Giles, cited in 1 Chitty Eq. Dig., 649.)

At the date of the deed of gift Teal was only thirteen years old, and it seems this "Donation act A" was considered as only a necessary formality, which had to be gone through with to make Teal heir by adoption.

Third—The court erred in giving instructions asked by counsel for defendant.

1. As a whole, for these instructions all presuppose that "act A" had all the essentials of a perfect gift, when in fact it lacked all vitality, because the boy Teal was not then and there invested with possession; first, because the facts set up in the recitals in "act A" were not proved by the mere recital of them, as against the plaintiffs in this case, but the court charged the jury that these recitals were proof.

2. Because the second clause of that instruction is a strong intimation to the jury that Teal had a right in the land, alone, amounting to one-fifth of Sideck's whole estate.

3. Because the fifth clause of that instruction enunciates the remarkable legal proposition, that because the defendant, in 1869, sees fit to renounce a claim upon the personal estate, granted him in 1832, therefore he can tack the value of his rights in the personalty to the realty conveyed, and by this act of *his own*, make dead and invalid a part of the written instrument under which he claims, and increase the proportion of land to which he is entitled—a proposition which is not believed to be law. (2 Pars. Contracts, 505; Brightly's Fed. Dig., 164, § 33.)

Equity will not carry a voluntary agreement beyond the letter. (Bass v. Gray, 2 Vernon's Rep., 693.) Any renunciation by Teal, to have any effect whatever, must have been made at the date of the execution or delivery of the instrument, (26 Tex., 521,) or as soon as he knew what had been given him.

XXXIII—6

The real question to be decided, if "act A" was a valid con-
veyance at all, is : Was all the property that Sideck gave Teal
by "act A," or attempted to give him, more than one-fifth of his
estate in 1832?

Tested by the evidence of any one of the witnesses interro-
gated, it was much more.

*A. H. Phillips*, for defendant in error.—Before the last trial
in the court below, the defendant amended her answer, and averred
a *marriage* between Sideck and Mary Dill, the mother of Louisa
Sevier. Her separation from her husband, two years after the
marriage, and her subsequently living in adultery, and never again
returning to her husband, is admitted. In the last trial plaintiffs
claimed no part of the land through her. (15 Tex. R., 241,
Wheat v. Owens.) Before considering the assignments of error,
it is proper to refer to the decision of the Supreme Court in this
case, as reported in 26 Texas, p. 520. By this decision, the ap-
pellee's title to one-half the land in controversy is affirmed. By
this decision the *onus probandi*, for avoiding this title, devolves
on the plaintiff in error. We will now proceed to consider the
several assignments of error.

First—"The court erred in sustaining defendant's demurrer to
plaintiffs' petition, filed February 24, 1869."

The plea presented no issue as required by the decision in 26
Texas, p. 516. This required the issue, " Did the donation in
1832, as accepted by Teal, exceed one-fifth of Sideck's estate, *at
that date?*" Plea avers, first, that defendant was entitled to one-
fifth only; second, that *at the death of Sideck*, Teal converted
to his use Sideck's personal property; third, the *value at the time
of conversion;* fourth, that the land was not worth more than
one *thousand dollars.*

The plea was then properly overruled.

Second assignment—" The court erred in sustaining demurrer
and exception to plaintiff's *new* plea, filed February 24, 1869."

This plea avers: First, that Sideck died seized of the land in controversy; second, that he died in Victoria county; third, that *at the time of his death*, he had cattle worth $1000; fourth, that Teal, *as administrator, violated his trust;* fifth, *that after Sideck's death*, Teal claimed the stock under the donation.

The exception or demurrer extends to the fourth averment, that of *maladministration*, only. That this averment was irrelevant to the case to be made out by the plaintiff is apparent.

WALKER, J.—This case was before this court for decision in 1863, (26 Tex., 516,) and the decision of the case gave plain directions for a second trial; and so far as we can see from the record, the court below has very correctly pursued the instructions of this court. The law of the case was settled. One question of fact, material to ascertain the rights of the parties, was left to be tried, namely: Did the deed of gift from Sideck to Teal in 1832, exceed in amount one-fifth the value of his property? If not, it was good under the Spanish law, then in force. The jury have found this fact for the defendant in error, and we see no reason for disturbing it. The exceptions of plaintiff in error are not well taken.

The judgment of the District Court is affirmed, with costs to the defendant in error.

Affirmed.