T. J. HALEY ET AL. v. MARY DAVIDSON ET AL.

1. NEW RULES.—Discussed.
2. BRIEFS.—Under the new rules, the brief is a mere statement of the points or propositions relied upon to reverse or affirm the judgment, the matters in the record pertinent to sustain or rebut these points, and a reference to the authorities relied upon by the parties.
3. POINTS.—Each point must refer to and show under which assignment of error presented, and must present clearly and tersely a single proposition.
4. STATEMENT.—When a proposition is presented for the reversal of the judgment, the first inquiry for the court is to ascertain whether the matters in the record warrant and justify it. To enable the court to determine this, the statement must show what is in the record bearing upon the proposition.
5. COUNTER-STATEMENT.—If the statement is contradicted by the appellee, he must make his counter-statement of matters in the record in reference to the same point.
6. COPYING NOT ALLOWED.—The statement and counter-statement must not be made by copying, but by stating substantially what the record contains, with reference to the pages of the record.

MOTION to advance under the new rules. Appeal from Galveston.

*George P. Finlay & Bro.,* for motion.

MOORE, ASSOCIATE JUSTICE.—Appellees' brief accompanying the motion to advance this case does not conform to the

requirements of the rules authorizing the motion. The application to advance the case must therefore be refused.

The difficulty under which counsel seem to labor, in properly apprehending the rules recently adopted and promulgated by the court, and in conforming to their requirements in the preparation of briefs under them, induces me to make the following observations, with the hope that they may, in some degree, tend to aid in the more ready and just apprehension of their scope and intent, thereby rendering a conformity to their requirements more easy in practice.

As is obvious to every attorney of this court, it is utterly beyond the ability of the court, under the present system and rules of practice, to keep pace with the accruing business, much less bring up the arrearages of former terms. The delay in the decision of cases pending in the court for the past three or four years is, even now, almost tantamount to a denial of justice; and unless some remedy can be found, and the business dispatched more rapidly, it will soon be a debatable question whether it would not be better for the court to be entirely abolished. An increase in the number of the judges would, probably, to some extent, facilitate the dispatch of the business, but evidently this would prove a mere palliation, and not a cure, for the evil. A limitation upon the right of appeal seems not to accord with popular sentiment. The Legislature does not appear inclined to make any radical change in the present mode of bringing cases to this court. The Convention, however, conferred upon this court authority to make rules and regulations for the government of this and the other courts of the State, to regulate proceedings, and expedite the dispatch of business.

In the exercise of this authority, the court has, speaking of the matter now in hand, endeavored to form rules regulating the presentation of cases which, while they would deprive litigants of no right conferred upon them by the statutes, or conflict in any way with our appellate system, it is hoped and believed will enable us to dispatch the business of the court.

This, however, I frankly say to the bar, can, in my opinion, only be accomplished by requiring of them a large amount of labor which has heretofore been performed, often imperfectly, by the court.

The records, as they are now brought to this court, present a transcript, in the main, of all the proceedings had in the case in the District Court, from the filing of the original petition to the perfection of the appeal or writ of error. The utter impossibility of the court so thoroughly mastering these records, even when few in number and small in bulk with what they are now, so as to perceive and properly determine all the questions which might be presented therein, without their being pointed out or indicated by counsel, was obvious at an early day. Hence, appellants or plaintiffs in error were required to file assignments of error; and all errors not assigned, unless going to the foundation of the action, were declared to be waived or abandoned. Experience, however, has proved that this provision is of much less practical benefit, in the dispatch of business, than it was evidently supposed it would be when enacted, the generality of the assignments being such that the point or points raised could not be understood, except by a thorough study of the entire record. Often where counsel have not interchanged briefs, they will discuss entirely different points under the same assignment; and in some instances the court has felt constrained to decide the case on a point not considered or argued by the counsel for either party, and that possibly may not have been suggested in the court below.

To obviate difficulties of this kind, and to enable the court to dispatch the business, and decide cases upon the questions made by counsel, the rules which we have adopted contemplate that counsel must have such a full and thorough knowledge of the record that they can state, (generally without copying,) in a condensed manner, the matters which the court should know, to decide the question upon which they rely for the reversal or affirmance of the judgment. When

this is the case, there certainly can be no great difficulty in preparing the briefs.

It may be well, however, to call attention to the fact, that the brief contemplated by these rules is entirely dissimilar from what is meant by this word, as used and understood in the former rules. Heretofore it has indicated a written or printed argument, upon which the case might be submitted. By the rules as now framed, it is a mere statement of the points or propositions relied upon to reverse or affirm the judgment, the matters in the record pertinent to sustain or rebut these points, and a reference to the authorities relied upon by the parties. It should not contain either "arguments, reasons, conclusions, or inferences."

When counsel know the contents of the record and the law of their case, they certainly can have no difficulty in stating the points upon which they hold the judgment should be reversed. But as errors not assigned or fundamental are waived, only such points as are covered by the assignments of error can be made. Each point presented must refer to and show under which assignment it is presented. The appellant, however, has the right to present all the errors in the record raised by his assignments; therefore he may present as many points under each assignment as it warrants. But each point must present, clearly and tersely, a single proposition. When a proposition is presented for the reversal of the judgment, the first inquiry for the court is,—Do the matters in the record warrant and justify this proposition? To enable us properly to determine this, without, in all cases, having to master the record, which, as has been said, the court cannot do and keep up with the business, counsel are required to state what is shown by the record bearing upon it; not by copying, for this would not economize our time, but by stating substantially what the record contains, with reference to the pages of the record, to verify such statement. Now, if this statement is not contradicted by the appellee, the court need not read the record. If it is, as appellee must make his

counter-statement in reference to the same point, the court has only to read both statements, and so much of the record as to which they disagree. For inferences, deductions, and conclusions from the matters stated, we look to the argument. This arrangement relieves counsel from making copies of their argument, and brings them directly to issue on each point made, and the applicability of the matters in the record claimed to bear upon this point. It gives counsel a clearer and more definite conception of their case, and enables them to make a more satisfactory presentation of it to the court. And it confines the court to the decision upon the points in the case which counsel think it involves, and have discussed. Obviously, a mere general statement of the case, as counsel understand it, in the introductory or preliminary statement of the nature of the case and its result, does not meet the requirements. From such general statement, neither the opposing counsel nor the court can tell what facts are intended to apply to each of the different points. Unless the statement is sufficiently concise and distinct for them to do so, there will be a failure to eliminate from the case the consideration of unnecessary matter, and the bringing of counsel to the consideration and discussion of precisely the same points, or an understanding by the counsel and the court of the facts supposed to be applicable to them, and the different phases in which they are discussed.

MOTION REFUSED.