## G. W. CLARK v. J. R. AND LOUISA WEST.

### No. 1205. Decided April 20, 1903.

**1.—Adoption.**

The effect of adopting a child under the statute (Rev. Stats., art. 1, 2) is to put it in the same attitude towards the adopting parents as if it had been their child, but not to prevent their disposing of their property by will, in disregard of the rights of such child as heir. (P. 442.)

**2.—Same—Agreement for Adoption—Services—Charge.**

In an action by an adopted child for services claimed to be rendered on the promise to adopt her and make her heir of defendants, it was error to charge, that, if the services were rendered on the faith of the promise to adopt, their value could be recovered on the defendant's repudiation of the undertaking to leave their property to her. (Pp. 441, 442.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Erath County.

J. R. and Louisa West sued Clark, and had judgment. Defendant appealed, and on affirmance obtained writ of error.

*Parker & Carlton* and *Martin & George,* for plaintiff in error.—An adopted heir inherits only in the event the adopter dies intestate, and a promise by one to adopt, educate, maintain and care for another, in consideration of the latter's services, does not render the former liable for the value of said services or for failure to will his property to the latter; unless the adopter for a valid consideration has contracted to make such will, or unless the adopter fraudulently uses such promise as a means whereby the adopted heir is induced to perform such services under the belief that the latter will acquire the property of the former; and the fact that the adopted heir may have been induced to perform such services by reason of the promise to adopt, makes no difference. Rev. Stats., arts. 1, 2, 1688, 1690; Eckford v. Knox, 67 Texas, 200; Taylor v. Deseve, 81 Texas, 246; Davis v. Hendricks, 12 S. W. Rep., 887; Waddell v. Waddell, 42 S. W. Rep., 46; Newton's Exr. v. Field, 32 S. W. Rep., 623; Gross v. Newman's Admr., 50 S. W. Rep., 530; Manning v. Pippen, 11 Am. St. Rep., 46; Est. of Kessler, 41 Am. St. Rep., 79; Kauss v. Rohner, 51 Am. St. Rep., 762; Williamson v. Hutchinson, 53 Am. Dec., 301; Vanmatre v. Sankey, 39 Am. St. Rep., 223; Quinn v. Quinn, 49 Am. St. Rep., 875; Carmichel v. Carmichel, 16 Am. St. Rep., 528; Sutton v. Hayden, 62 Mo., 101; Shahan v. Swan, 29 Am. St. Rep., 517; Vandyne v. Vreeland, 11 N. J. Eq., 370; Davidson v. Davidson, 13 N. J. Eq., 246; Wright v. Wright, 99 Mich., 170; Grant v. Grant, 38 Am. St. Rep., 379; Est. of Newman, 7 Am. St. Rep., 146.

The mere fact that an adopted heir renders valuable services in expectation of remuneration induced by language or conduct of the adopter, does not render the latter liable for failure to will his property to the former or fix it so he will be sure to get it; but in order for the

adopter to become liable for such failure, there must be, in addition thereto, a contract between the adopter and the adopted, that the latter shall acquire the property of the former, or, the adopter must fraudulently use his language or his conduct in such manner that the adopted is thereby induced to perform said services under the belief that he will acquire the property of the adopter.

An adopter who, in good faith, without any fraudulent or deceitful language, conduct or omission, adopts, educates and maintains another, in consideration of the latter's services, is not liable for a failure to give, sell, transfer, mortgage, or will to the latter the property of the former; though the adopted heir may in good faith be induced in part or wholly to accept said adoption and perform said services under the belief that the legal effect of said adoption is to absolutely fix and secure to said heir the property of the adopter at his death.    Hurd v. Hall, 12 Wis., 113; Birkhauser v. Schmitt, 45 Wis., 316; Mowatt v. Wright, 19 Am. Dec., 508; Nabours v. Cocke, 24 Miss., 44; Rankin v. Mortimere, 7 Watts (Pa.), 372; Oswell v. Sprohnle, 16 Brad. (Ill.), 368; Sibert v. McAvoy, 15 Ill., 106; Shafer v. Davis, 13 Ill., 395; Trig v. Read, 42 Am. Dec., 447; Allen v. Galloway, 30 Fed. Rep., 466; Storrs v. Barker, 6 Johns. Ch., 166; Gwynn v. Hamilton, 29 Ala., 233; Nelson v. Davis, 40 Ind., 366.

*Daniel & Keith* and *Eli Oxford,* for defendants in error.—The charge of the court having submitted to the jury for their finding such an agreement between the appellee and her father and appellant as would rebut the presumption of law that the services rendered by her to Clark and wife were voluntary and gratuitous, then the law imposes a promise to pay for the value of the services received and accepted.    Wallace v. Long, 105 Ind., 522; Bish. on Cont., secs. 217, 238; Beach on Cont., secs. 650, 653; 119 Mass., 513; Ensey v. Hines, 30 Kan., 704; Morton v. Rainey, 82 Ill., 215; Donovan v. Driscoll, 90 N. W. Rep., 60; 98 Ill., 238; 67 S. W. Rep., 285.

Under the laws of this State, the adopted party is the legal heir of the one adopting.    Rev. Stats., art. 2.    A contract to adopt one would be nothing more than a contract that the adopted shall be the legal heir of the adopter.    81 Texas, 249, 67 Texas, 500.    If, therefore, one in consideration of services to be rendered, agree that another shall be his legal heir, and thereafter legally constitutes him such, then if he should by will disinherit such party, the terms of the contract are by him repudiated, and he would in law be liable to refund to the party adopted the value of the services obtained by said contract.    Bish. on Cont., enl. ed., secs. 101, 102; Quinn v. Quinn, 49 Am. St. Rep., 875; Von Carlowitz v. Bornstein, 66 S. W. Rep., 464; 34 S. W. Rep., 490; Hosser's Succession, 37 La. Ann., 839; 38 Am. St. Rep., 379; 8 Am. St. Rep., 595; 20 S. W. Rep., 881; 24 S. W. Rep., 126.

The court correctly interpreted the contract alleged and proven by appellees to be one imposing an obligation on Clark's part "to so fix

his property that appellee would get it at his death." The terms of contract alleged and proven, and submitted by the court to the jury for its finding, was that Clark and wife, in consideration of the care, society and services of appellee from childhood to majority, "would adopt her or fix it so she, the plaintiff, would get their property." Under this phase of the court's charge the jury could not find for appellee unless they found the contract was made as proved and alleged; and they having found it true as proved, no error exists.

The law allows one to recover for services rendered on a contract which is within the statute of frauds, and the terms of which each party thereto is in law bound to know can not be enforced. The recovery is allowed upon the theory that the contract rebuts the idea that the services were gratuitous, and the law imposes a contract to pay therefor. Of course the statute of frauds is available as a defense to the specific enforcement of the contract only when taken advantage of by the party to the contract. So if one agree to adopt another, in consideration of services to be rendered, if the law should give him the right to disinherit him after adoption, nevertheless, proof of such contract if he did so, would likewise entitle him to recover for his services and would, as a matter of law, rebut the idea that the labor was done gratuitously. As to the contract within the statute of frauds, the law is that the party, at his will, can repudiate and defeat specific performance thereof. As to the contract to adopt, if the law is that the adopter at his will can disinherit the adopted and defeat the legal rights given thereby, it necessarily follows, that, in both instances, when the suit is for services, the contract would rebut the presumption of gratuity and force a contract in terms which would give compensation for the services performed thereunder. Hence in an action for such services as this, the legal right to disinherit could not defeat the adopted, and as to this action would be unlawful and no defense, and the charge complained of could not have been error. Ellis v. Cary, 74 Wis., 176; Grant v. Grant, 63 Conn., 530; Wallace v. Long, 105 Ind., 522; Day v. Wilson, 83 Ind., 463; Wainwright v. Talcott, 60 Conn., 43.

BROWN, ASSOCIATE JUSTICE.—J. R. and Louisa West, husband and wife, sued G. W. Clark in the District Court of Erath County to recover the value of services rendered by Louisa West to Clark and his wife while living in their family extending from her early childhood until her marriage. The honorable Court of Civil Appeals failed to file conclusions of fact in this case, and we make the following statement from the undisputed evidence as we find it in the record:

G. W. Clark and L. C. Clark were husband and wife without a child, living in Jack County, Texas. Louisa Hetchcock was then of the age of about two years and six months, living from place to place in the neighborhood. Mrs. Clark took the child to her house and kept her for about six months, when she was taken by a half sister of Louisa, who, after keeping her for a short time, returned the child to Mrs. Clark.

Louisa continued in the family of defendant Clark by the consent of her father, who was about seventy-five years old and quite poor, until she was about twelve years old, when Clark and his wife, having removed from Jack County to Erath County, took the girl Louisa to see her father and again obtained his consent to keep her in their family. Louisa continued to live in the family of Clark and his wife until she was twenty-four years old, at which time she married J. R. West. During her stay she was clothed and cared for by Clark and his wife as people in their circumstances ordinarily care for their children, and it seems from the testimony that there was entire harmony and agreement between her and Clark and his wife. When Louisa was about eighteen years old, to wit, the 30th day of June, 1900, Clark and his wife adopted her in due form as prescribed by the statute; afterwards, Mrs. Clark made a will in which she gave Louisa one dollar and the remainder of her property she gave to others.

In their petition the plaintiffs claim, in substance, that Clark and wife agreed with the father of Louisa, and with her, after she had attained years of understanding, that "if she would live with them as their child they would adopt her and take her to their home, would educate and maintain her and fix things so that she would get their property at their death the same as if she was their child; that they would either adopt her or will their property to her." The allegations were denied by the defendant in so far as they related to the agreement made between the parties.

The Court of Civil Appeals copied into its opinion the evidence of Louisa West as constituting their finding of fact, which is as follows: "When I was twelve years old Clark and wife took me back to Jack County to see my father, and when we got there my father wanted me to stay with him, but Clark and wife told my father and agreed with him, that if he would allow me to go back with them and let them keep me as their child, that they would in some way fix things so that I should have their property at their death; that they would either adopt me or will their property to me; that they would make me their heir." Clark testified denying any agreement with Louisa or her father.

Upon the trial in the District Court the judge charged the jury as follows: "Now if you believe and find from the evidence in this case that at the time G. W. Clark and his wife took plaintiff Louisa West to see her father in Jack County, Texas, the said defendant and his wife jointly agreed with plaintiff's father that if he, the father of plaintiff, would permit plaintiff Louisa West to return home with defendant G. W. Clark and his wife, and remain with them and work for and perform services for them as their own child till she, the said plaintiff, was grown and until she married, that they, the said defendant and wife, would adopt her;   *   *   *   and if you further believe and find from the evidence in this case that by virtue of this agreement, or agreements, if any, or of said conduct and language, if any, of the said defendant G. W. Clark, that the said plaintiff, Louisa West, was induced

to remain and perform services for the said G. W. Clark and his wife until she, the said Louisa West, was twenty-one years old, and until she married, and if you further find and believe from the evidence in this case that defendant G. W. Clark has renounced and repudiated said agreement, if any, and that he does not now intend to carry the same out; and you further believe and find from the evidence in this case that the services so rendered by the plaintiff, Louisa West, to defendant G. W. Clark and his wife, were of some value and that they were such as set out and described in plaintiff's petition, then in such event, if you so find and believe from the evidence in this case, you will find for plaintiff and assess their damages as hereinafter directed.   *   *   *   If you believe from the evidence that the defendant G. W. Clark voluntarily adopted said plaintiff and that said act was not induced by any previous agreement or understanding that he would do so in consideration of services that she had or would perform for him, and if he did not hold out said articles of adoption as an inducement to her to perform services for him, then he had the right to thereafter disinherit her, if he desired to do so."

The jury rendered a verdict in favor of the plaintiffs for $1680, upon which judgment was entered. The Court of Civil Appeals affirmed the judgment of the District Court.

The charge given by the court, first copied above, may be best understood by stating its terms in this form so as to show the grammatical connection thereof: "Now if you believe and find from the evidence in this case that at the time G. W. Clark and his wife took Louisa West to see her father in Jack County, Texas, the said defendant and his wife jointly agreed with plaintiff's father that if he, the said father of the plaintiff, would permit plaintiff Louisa West to return home with defendant G. W. Clark and his wife and remain with them and work for and perform services for them as their own child until she, the said plaintiff was grown and until she married, that they, the said defendant and wife, would adopt her;   *   *   *   and if you further believe and find from the evidence in this case that by virtue of this agreement   *   *   *   of the said defendant G. W. Clark that the said plaintiff Louisa West was induced to remain and perform services for the said G. W. Clark and his wife until she, the said Louisa West, was twenty-one years old and until she married; and if you further find and believe from the evidence in this case that defendant G. W. Clark has renounced and repudiated said agreement, if any, that he does not now intend to carry the same out; and you further believe and find from the evidence in this case that the services so rendered by plaintiff Louisa West to defendant G. W. Clark and his wife were of some value, and that they were such as set out and described in plaintiff's petition, then in such event, if you so find and believe from the evidence in this case, you will find for plaintiffs and assess their damages as hereinafter directed." The portion of the charge omitted consists of three distinct grounds upon either of which a recovery might have been based, but

they do not limit or qualify the first proposition. The effect of the charge was to tell the jury to find for the plaintiffs if Clark and wife agreed with the father of Louisa, or with her, to adopt her, and such promise induced her to live with them; in other words, it gives to her, as an adopted child, an absolute right of inheritance without any promise by Clark that she should have his property at his death. That the court intended to present this view of the law is emphasized by the second charge given as quoted above in the use of this language: "If you believe from this evidence that defendant G. W. Clark voluntarily adopted said plaintiff," etc. The affirmative charge authorizes a recovery if he agreed to adopt the plaintiff, and the charge to find for defendant is based upon his act of adoption if it was voluntary; that is, not in pursuance of any agreement. Looking at the charge from the standpoint of the jury, we are of opinion that the jury must have understood the law to be that, if Clark agreed to adopt Louisa if she would live with him, and did adopt her, she was entitled to inherit his property, and if Mrs. Clark made a will giving her property to other people and Clark did not intend to give Louisa his property, then she was entitled to recover from the defendant the value of her services rendered during her stay in the family. Article 1 of the Revised Statutes prescribes the proceeding of adoption, and article 2 the effect of it. Article 2 is in this language:

"Article 2. Such statement in writing, signed and authenticated or acknowledged, and recorded as aforesaid, shall entitle the party so adopted to all the rights and privileges, both in law and equity, of a legal heir of the party so adopting him; provided, however, that if the party adopting such heir have, at the time of such adoption, or shall thereafter have a child begotten in lawful wedlock, such adopted heir shall in no case inherit more than one-fourth of the estate of the party adopting him."

The effect of the adoption of Louisa was to put her in the same attitude towards the adopting parents as if she had been their child. The charge under examination did not make the right to recover depend upon a promise by Clark that he and his wife would leave their property to Louisa, but upon the effect a promise to adopt her may have had upon her mind in inducing her to live with and to serve them. In the absence of an agreement to leave their property to the adopted child the promise to adopt would not support a claim beyond the statutory provisions. The court erred in giving the charge complained of, for which error the judgments of the trial court and of the Court of Civil Appeals are reversed and this cause is remanded to the District Court of Erath County.

*Reversed and remanded.*