### ROBERT LOGAN v. MOLLIE LENNIX.

Decided June 7, 1905.

**1.—Adoption—Disinheritance of Adopted Child.**

The only effect of the statutory adoption of a child is, as prescribed by the statute, to give to such child "all the rights and privileges, both in law and equity, of a legal heir of the party so adopting him," and such child may be disinherited, as may any lawfully begotten heir. (Rev. Stats., arts. 1, 2.)

**2.—Same—Consideration—Relinquishment of Claim by Parents.**

A recital in an instrument merely adopting a child as an heir, that it was executed in consideration of love and affection for the child, and the further consideration of the relinquishment of his possession and control by his parents, creates no more responsibility for the adopting parent and gives no more rights to the child than the statute itself grants and imposes.

**3.—Same—Agreement by Parents no Contract.**

An agreement by the parents of an adopted child that the person adopting shall have the possession and control of the child until majority is not a contract, and can not be enforced as such, because neither the child nor its custody is a subject-matter of contract.

**4.—Findings of Fact—Exceptions—Conclusiveness.**

Where there is a statement of facts in the record, and no exceptions were reserved to the findings of fact, and no request made for other findings, complaint of omissions in the findings is not available on appeal.

**5.—Assignment of Error Too General.**

Assignments of error that "the court erred in refusing to allow plaintiff to take a nonsuit," and that it erred "in giving plaintiff a nonsuit, and then entering judgment against plaintiff," are too general to be considered.

**6.—Same—Statement Insufficient.**

Where the attempted statement following such assignments consisted of an opinion that the pleadings of appellee would not support an action of trespass to try title, with a reference to the transcript for the pleadings, it was not sufficient.

Appeal from the District Court of Bexar. Tried below before Hon. A. W. Seeligson.

*H. B. Salliway* and *D. A. McAskill*, for appellant.—An adoption based upon a contract or a consideration is contractual in its nature and is to be treated under the law governing contracts, for it is simply a means

of carrying out the contract and is not ex parte in its nature, but contractual, and from the terms of which the party adopting can not free himself at will as he can from an ex parte act not based upon a consideration. Moore v. Bryant, 31 S. W. Rep., 223; Healey v. Simpson, 20 S. W. Rep., 881; West v. Clark, 66 S. W. Rep., 215; Clark v. West, 73 S. W. Rep., 798; Godine v. Kid, 19 N. Y. Supp., 333; Sharkey v. McDermott, 4 S. W. Rep., 107, 91 Mo., 647; Jordan v. Abney, 97 Texas, 297; Vondyne v. Vreeland, 11 N. J. Eq., 370; McTague v. Finnigan, 54 N. J. Eq., 456.

*C. S. Robinson,* for appellee.—1. An adopted child stands in no better attitude than a natural child, and may be disinherited by the party adopting. Rev. Stats., arts. 5333, 5334; Eckford v. Knox, 67 Texas, 202; Steel v. Steel, 61 S. W. Rep., 815.

2. Plaintiff having failed to allege and prove a contract upon valuable consideration by which Lennix bound himself to leave all or any specific portion of his property to plaintiff, could not recover. Davis v. Henricks, 12 S. W. Rep., 887; Clark v. West, 72 S. W. Rep., 100; Clark v. West, 73 S. W. Rep., 798; Jordan v. Abney, 78 S. W. Rep., 486, 489.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellant to recover of appellee a one-half undivided interest in a certain tract of land, containing two hundred and fourteen acres, in Bexar County. Appellee pleaded not guilty and limitations. She afterwards asked for and obtained an injunction restraining appellant from interfering with the property. In an amended petition appellant alleged that in August, 1864, R. J. Lennix and Susan Lennix agreed with his parents, in consideration of their relinquishment of the care, custody and control of appellant in consideration that they would adopt him and leave him all their property at their death, that he at once went to live with said R. J. Lennix and Susan Lennix and continued to live with them until the death of Susan Lennix, in 1866, and thereafter continued to live with R. J. Lennix and his wife, the appellee herein. That the contract between his parents and the parties adopting him was in writing, and was subscribed by them and was duly and regularly witnessed by Marion Parke and Becky Tinkle, but that the same was not recorded through the carelessness of Lennix and his wife, and was lost or destroyed or is now in the possession of appellee. That afterwards R. J. Lennix, by his certain contract in writing, which was duly executed and recorded as required by law, agreed with the parents of appellant that he should have all the property of which said Lennix should die possessed. That Susan Lennix died intestate in 1866, seized and possessed of a community interest in $5,000 worth of personal property. That a few weeks after the death of Susan, R. J. Lennix married appellee, and that no offspring resulted from either marriage. It was further alleged that the land in controversy was bought and paid for with the community property of R. J. Lennix and Susan Lennix, and that said R. J. Lennix died on February 27, 1903, leaving a will in which he had bequeathed the whole of his estate to appellee, which will had been duly admitted to probate on March 2, 1903. The cause

was tried, without the intervention of a jury and judgment was rendered in favor of appellee.

It was shown by the evidence that in 1864, when appellant was four years of age, he was legally adopted by R. J. Lennix by a statement in writing as follows:

"State of Texas, ⎱
County of Bexar. ⎰

Know all men by these presents, that R. J. Lennix of the county and State aforesaid, in consideration of the love and affection that I have for Robert Logan, aged four years, the child of John B. Logan and Sarah B. Logan, and the further consideration of the relinquishment of the possession and control by the said parents of the said infant unto me until he becomes twenty-one years of age, have adopted, and by these presents do adopt the said Robert Logan as my legal heir, and as such shall be entitled to all the privileges as such during his infancy and majority as fully as if he were a child legally begotten by me."

That statement was signed and acknowledged by R. J. Lennix and duly recorded. Susan Lennix did not adopt appellant as her child, and executed no papers in connection with such adoption. There was evidence of the execution of a paper by the parents of appellants in which they relinquished his possession and control to R. J. Lennix. Susan Lennix died intestate and childless in 1866, leaving no property except her community interest in an estate consisting of about seventy-five horses and two hundred cattle. Shortly after her death R. J. Lennix married appellee, and in 1867 they rented the land in controversy, which was then wild and unimproved, and built a small house and settled on the same. In 1871 the land was conveyed to R. J. Lennix for $500. The cattle were sold about the time of the purchase. From 1867 to 1903, when R. J. Lennix died, he and appellee, his wife, lived on the land and continued to improve it. They had no children. Appellant remained with R. J. Lennix and appellee until he was about seventeen years of age, when he went off, but returned at different times and stayed with them. Before appellant reached his majority he got into trouble and R. J. Lennix spent about $1,500 in helping him out of it. For many years prior to his death R. J. Lennix was not on good terms with appellant. R. J. Lennix died in 1903, leaving a will in which he bequeathed all of his property to his wife, Mollie Lennix. He owned no property except the land in controversy and one horse and one cow. The will was duly probated and appellee remained in possession of the land in controversy.

The writing executed by R. J. Lennix created no more responsibility for him, and granted no more rights to the party adopted, than are fixed and granted by the statute which provides for the adoption of heirs. Articles 1 and 2, Sayles' Statutes. In the first article it is provided that "any person wishing to adopt another as his legal heir, may do so by filing in the office of the clerk of the County Court of the county in which he may reside, a statement in writing by him signed and duly authenticated or acknowledged as deeds are required to be, which statement shall recite in substance that he adopts the person named therein as his legal heir, and the same shall be admitted to record in said

office." In article 2 it is provided that the statement in writing, executed as required, entitles the person adopted "to all the rights and privileges, both in law and in equity, of a legal heir of the party so adopting him." In the statement of R. J. Lennix he assumed no more burdens and granted no more rights and privileges to appellant than the statute itself imposed and granted. Through that statement appellant was placed in the same position as that which a legal heir of R. J. Lennix would have occupied towards him in connection with his property. As under the statute appellant could be disinherited as any lawfully begotten heir might be disinherited, so he could be disinherited under the terms of the statement filed by Lennix in the County Court. The recitation of love for the person adopted and the relinquishment by the parents of control and possession of him did not place appellant in any more advantageous position as to the property than that occupied by a legal heir. The statute placed him, so far as the property of R. J. Lennix was concerned, in the same position as that occupied by a child of his body. Eckford v. Knox, 67 Texas, 200. Nothing was added to the strength of his position by the statement in writing.

It has been held in this State that the adoption of a child does not give the person adopting him the right to his services or custody, the only effect of such adoption being to make the child the heir at law of the person adopting him. Taylor v. Deseve, 81 Texas, 246. It is intimated in that decision that no relinquishment upon the part of the parents would preclude them from resuming possession of their child. It would seem, therefore, that the relinquishment upon the part of appellant amounted to nothing except that in a contest for the custody of the child a court might place the child in the care of those where he would be best cared for. As said by the Supreme Court in Legate v. Legate, 87 Texas, 248: "The attempted transfer is not a contract and can not be enforced as such, because neither the child nor its custody was a subject matter of contract." Such a transfer would merely render the possession of the child lawful in the person to whom it had been released, and would place a court in a position to adjudge possession of the child to that person from whose custody it would gain the greatest advantage.

In the case of Jordan v. Abney, 97 Texas, 296, it is held, "that a contract between two persons upon valuable consideration, that one will, at his death, leave property to the other, is enforcible, where no statute is contravened, is held by an almost unbroken current of authority, English and American." In that case demurrers were sustained to a petition in which it was alleged that the father of the plaintiff, in consideration of J. C. Ogle and wife, Harriet Ogle, agreeing to leave her their property at their death, had relinquished the custody of her to them. The husband had died and by his will had bequeathed his property to his wife. It was also alleged that the wife had, after the death of the husband, agreed, in consideration of plaintiff performing certain household duties, that the plaintiff should have all her property at her death. The court held in terms that the contract of Mrs. Ogle was binding upon her property, but did not pass directly

upon the validity of the relinquishment of the custody of the child as a consideration. It would seem clear, if the doctrine of Legate v. Legate is correct, that a mere relinquishment of the custody of a child would not be a sufficient consideration for a contract to leave property of the contracting party, at his death, to another. It will be noted that in the proposition quoted above from Jordan v. Abney, 97 Texas, 296, as to a contract between two persons that one will, at his death, leave property to the other, could not be held to have reference to a contract between two persons for one to leave property to a third person, and the court must have had in view only the contract between Mrs. Ogle and the plaintiff in that case. We conclude that the Supreme Court did not intend to hold that the relinquishment of custody of a child by the parents would alone be a sufficient consideration for a contract to leave property to the child.

However, if such was the intention of the Supreme Court, the trial court in effect concluded, upon sufficient evidence, that there was no agreement to leave the property to appellant, upon the part of Lennix and wife, but that Lennix only agreed to adopt the child according to the provisions of the statute, and did so adopt him. As said in Clark v. West, 96 Texas, 437: "In the absence of an agreement to leave their property to the adopted child, the promise to adopt would not support a claim beyond the statutory provisions."

The assignments of error attacking the findings of fact on the ground of omissions therein have no merit, because no exception was taken to the findings and no request was made for other findings, and there is also a statement of facts in the record. Cattle Company v. Burns, 82 Texas, 50; Spencer v. James (Tex. Civ. App.), 43 S. W., 556.

The eighteenth and nineteenth assignments are considered together in the brief. The first is: "The court erred in refusing to allow plaintiff to take a nonsuit." The latter is: "The court erred in giving plaintiff a nonsuit and then entering judgment against plaintiff." The assignments are too general to be considered. They would require a search of the record to ascertain the error, if any, in connection with them. They are not followed by a statement that throws any light upon the errors desired to be reached. The attempted statement consists of an opinion that the pleadings of appellee would not sustain an action of trespass to try title, and reference is made to the transcript for the pleadings. Douglass v. Duncan, 66 Texas, 123; Mynders v. Ralston, 68 Texas, 499; Falls L. & C. Co. v. Chisholm, 71 Texas, 528; Am. Legion of Honor v. Rowell, 78 Texas, 677; Haley v. Davidson, 48 Texas, 615; Rule 31 for Civ. Appeals.

The cause having been tried without a jury, and the facts necessary to a recovery by appellee having been proved by competent evidence, the admission of incompetent or irrelevant evidence is not ground for reversal. The conclusions filed by the trial judge do not indicate that he was influenced by the admission of the evidence of which complaint is made. The judgment is affirmed.

*Affirmed.*

Writ of error dismissed.