LUCY L. GILMORE v. HOUSTON ELECTRIC COMPANY.

Decided May 8, 1907.

**1.—Assignment of Error—Propositions—Insufficiency.**

In a suit against a street railway company for personal injuries, an assignment of error that the charge of the court, on the degree of care required of carriers of passengers, is erroneous, followed by the propositions that "a charge that does not correctly state the law applicable to the case is erroneous," and "a charge that is indefinite and so much so as to be confusing is erroneous," fails to point out the supposed error in the charge, and is therefore not entitled to consideration.

**2.—Carriers of Passengers—Degree of Care—Various Definitions.**

Although various approved forms of expression are used to define the degree of care required of a carrier of passengers the real meaning intended by them all is that the care and circumspection required is the utmost which can be exercised under all the circumstances, short of a warranty of the safety of the passengers.

**3.—Attack on Car—Fright of Passenger—Contributory Negligence.**

When a female passenger on a street car became frightened by an attack on the car by strikers, and jumped from the car and was injured, she was not entitled to recover where the ground of recovery alleged and relied on was the negligence of the conductor in pulling or throwing her off the car.

**4.—Briefs—Observance of Rules.**

Brief considered, and held defective, under Rule 31 for the Courts of Civil Appeals in failing to subjoin a brief statement of so much of the record as was necessary to explain and support the assignments and propositions

Appeal from the 55th District Court, Harris County. Tried below before Hon. W. P. Hamblen.

*Stanley Thompson,* for appellant.

*C. R. Wharton* and *Baker, Botts, Parker & Garwood,* for appellee.

FLY, Associate Justice.—Appellant sued appellee for damages which she alleged she sustained by a fall from a moving street car belonging to appellee. She alleged that she was a passenger on a car and told the conductor where she wished to get off and he gave the customary stop signal and as the car neared the place and was gradually stopping the conductor took her by arm to assist her in alighting and some one threw a rock at the car and the motorman, being new and inexperienced became greatly excited and greatly increased the speed of the car, and the conductor, "being wholly inexperienced and incompetent and becoming greatly excited," pulled or pushed appellant off the car, while it was moving at a high rate of speed, and injured her. There were twelve or fourteen pages of allegations about a strike of the street railway employes being in progress and other matters not necessary to mention as appellant in her brief places her ground of recovery on the allegation of negligence of the conductor in pulling or throwing her off the car. The cause was tried by jury and a verdict and judgment was rendered for appellee.

The evidence of all the witnesses, except that of appellant, showed that a rock was thrown at the car and that she sprang up and jumped off while the car was moving, and that the conductor used every effort to prevent her from jumping off, even catching hold of her for that purpose. She pulled loose from him and sprang off. The employes of appellee were not negligent, and appellant was injured through her own negligence in jumping off the car while it was in motion.

The opening paragraph of the charge of the court is as follows: "You are charged that the railroad company is not an insurer of the safety of passengers but must exercise toward them such a high degree of care as a highly prudent person would exercise under the same or similar circumstances; and it is the duty of persons taking passage with the said company to exercise ordinary care to protect themselves from injury, and the failure of the said company to exercise said high degree of care would be negligence, and the failure of the passengers to exercise ordinary care would be negligence."

The charge is said to be erroneous, in the first assignment of error, and is supported by the following propositions: "Proposition First under First Assignment. A charge that does not correctly state the law applicable to the case is erroneous. Proposition Second under First Assignment: A charge that is indefinite and so much so as to be confusing is erroneous." What the error is in the charge is not pointed out in assignment or propositions, the latter having no more application to the assignment under

which they are placed than to any other assignment of error complaining of any other charge. It may be safely conceded that both of the propositions state correct legal propositions, but they cover too much territory to render them efficacious and available.

If it be the purpose of the assignment of error to attack the charge on the ground that it does not state the proper degree of care required of street railways towards passengers, it may be said that it is properly stated in the charge. A "highly prudent person" we think would be equivalent to a "very prudent, cautious and competent person." In the case of International & G. N. Railroad v. Halloren, 53 Texas, 46, it is said that the passenger has the right to demand "that high degree of care which very cautious persons generally, in their line of business are accustomed to use, under similar circumstances, to prevent danger." In the case of San Antonio Traction Co. v. Warren, 85 S. W. Rep., 26, a charge almost identical in language with the one now under consideration was approved. In St. Louis A. & T. Ry. v. Finley, 79 Texas, 85, the court said that "the company owed her the duty of exercising the highest degree of care." In another portion of the opinion the degree of care is denominated the "greatest care." In the case of International & G. N. R. R. v. Welch, 86 Texas, 203, the following extract from Hutchinson on Carriers of Passengers, section 501, is quoted with approval: "Although the form of expression is sometimes varied and the rule is stated as requiring 'the greatest possible care and diligence,' 'the utmost care and diligence of very cautious persons,' 'the most perfect care of a cautious and prudent man,' and other similar phrases, the real meaning intended by them all is, that the care and circumspection to be required is the utmost which can be exercised under all the circumstances, short of a warranty of the safety of the passengers." The charge in question stated the rule in language fully as forcible as that used in the foregoing quotation.

Under the facts and circumstances of this case the jury could not have been misled by any charge on the question on the degree of care required of the street railway company, because the whole of the evidence tended to contradict and refute the remarkable statement made by appellant that the conductor became so terror-stricken from a rock being thrown at the car that he caught the only female passenger on the car and threw her off. Not only was that statement flatly contradicted by the conductor and motorman, but by W. A. Hart and W. J. Hyde, who were passengers on the car. There was not a circumstance to corroborate her statements, which can be charitably accounted for only on the hypothesis that she was so alarmed by the attack on the car that she had a confused remembrance of the circumstances attending her exit therefrom.

Under the first assignment of error appellant copies the following language from her petition: "* * * the said conductor, being wholly inexperienced and incompetent, and becoming greatly excited, pulled or pushed this plaintiff off said car, etc.," and while we are left in doubt as to the object of copying the same, we infer, that it was done to show that the court had erred in not

making the question of competency of the employes an element in defining the degree of care required of appellee. This inference is based on the statement that a special charge was asked in which the degree of care is measured by the acts of a "very cautious, prudent and competent person." That is a very slight basis for the inference, but if that is not the one then there was no reason for copying the language of the petition. It is only referred to as leading up to the objection to the charge, set out in the second assignment of error, on the ground that it was error to speak of the inexperience of the conductor in connection with his throwing appellant off the car. It is doubtless true that appellee would have been liable for injuries inflicted by appellant being thrown off the car by the conductor, whether he was experienced or not, but appellant made it an issue by her pleading and proved that the conductor had been working for appellee only a month. The charge as to the experience or inexperience of the conductor was harmless.

The court in the general charge clearly presented every issue made by the evidence and it was not error to refuse, if there was a refusal, the special instructions asked, if they were asked, by appellant. The assignments of error complaining of the refusal of the special charges are not followed by statements showing that the charges were requested or that they were refused by the court. A reference is made to a statement made under the first proposition in connection with the first assignment of error, but in that statement the charges are not referred to, the only matters stated therein being a part of the petition and a part of the evidence of appellant.

After providing, in rule 30 for the Courts of Civil Appeals, for each assignment of error, which does not of itself sufficiently disclose its point within itself, to be followed by propositions of law, it is provided as follows in rule 31: "To each of said propositions there shall be subjoined a brief statement, in substance of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record." As said in the case of D'Arrigo v. Texas Produce Co., 18 Texas Civ. App., 44: "No statement whatever is appended to the assignments, nor is any proposition thus appended, apart from the diverse propositions contained in the assignments themselves. We are not prepared to ignore the rules prescribed for the proper presentation of questions in this court, and, not being thus prepared, we feel constrained to heed the objection urged to these assignments, and to abstain from considering them." There is no statement that the special charges were requested or refused and nothing to indicate the action of the court, except what is contained in the assignments themselves. As said in Haley v. Davidson, 48 Texas, 615: "When a proposition is presented for the reversal of the judgment, the first inquiry for the court is, Do the matters in the record warrant and justify this proposition? To enable us properly to determine this, without, in all cases having to master the record, which, as has been said, the court cannot do and keep up with the business,

counsel are required to state what is shown by the record upon it; not by copying, for this would not economize our time, but by stating substantially what the record contains, with reference to the pages of the record, to verify such statement." The Supreme Court has established rules under the power conferred by law, and in order to attain the end for which they are established, namely, the orderly and expeditious decision of cases, they must be enforced, and if the enforcement of the rules result in hardships, they will fall only on those who flagrantly disregard and ignore the rules. The judgment is affirmed.

*Affirmed.*