STATE ex rel. WALTON, Tax Collector, v. YTURRIA et al. (No. 5710.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 26, 1916. Rehearing Denied Nov. 15, 1916.)

1. ADOPTION &#9758;21—STATUTE—INHERITANCE.
    The law of adoption (Rev. St. 1911, art. 2), applies only to heirship and the right to maintenance and support, but gives the adopted heir, for all purposes of inheritance, the same rights as the child born in lawful wedlock, bringing him effectually within the general laws of descent and distribution.
    [Ed. Note.—For other cases, see Adoption, Cent. Dig. §§ 35, 36, 38–40; Dec. Dig. &#9758;21.]

2. TAXATION &#9758;875(2) — INHERITANCE TAX — EXEMPTIONS—PROPERTY PASSING TO ADOPTED CHILD—STATUTE—"DIRECT"—"LINEAL"—"DESCENDANT."
    Under the inheritance tax law (Rev. St. 1911, art. 7487), exempting property passing to direct lineal descendants, property passing by testator's will to his adopted children was exempt from the inheritance tax, in view of article 2, entitling an adopted heir to all the rights and privileges, both in law and equity, of the legal heir of the party adopting, since "direct," used in the exemption clause of the inheritance tax law, signifies being in the natural or usual course or line, immediately up or down, the opposite of collateral, while "lineal" has much the same signification, and "descendant" does not mean one exclusively who is connected in the descending line by blood with the person owning the estate.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1691; Dec. Dig. &#9758;875(2).]
    For other definitions, see Words and Phrases, First and Second Series, Descendant; Direct; Lineal.]

3. STATUTES &#9758;225¾—CONSTRUCTION—REFERENCE TO JUDICIAL CONSTRUCTION.
    In construing the language of the inheritance tax law (Rev. St. 1911, art. 7487), it must be presumed to have been used in the same sense which it bears in laws on kindred subjects, as construed by decisions made before the law was enacted.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 306; Dec. Dig. &#9758;225¾.]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by the State of Texas, on the relation of W. B. Walton, Tax Collector of Cameron County, against Daniel Yturria and others, to recover an inheritance tax. From a judgment that plaintiff take nothing by his suit, he appeals. Judgment affirmed.

A. M. Kent and Harbert Davenport, both of Brownsville, for appellant. R. B. Creager and F. W. Seabury, both of Brownsville, and Denman, Franklin & McGown, of San Antonio, for appellees.

FLY, C. J. The state of Texas, upon the relation of W. B. Walton, tax collector of Cameron county, sued Daniel Yturria, Herminio Yturria, Fausto Yturria, Ysabel Garcia, joined with her husband, Migual Garcia, Miguel Francisco Garcia, Juan Antonio Garcia, Jose Alejandro Garcia, and Maria del Rosario Garcia, to recover an inheritance tax amounting to $26,762.12. The cause was tried by the court, and judgment rendered that appellant take nothing by his suit.

We adopt the findings of fact of the trial judge:

"Francisco Yturria, now deceased, was, during his lifetime, the owner of the property upon which inheritance tax is sought to be collected by this suit. Francisco Yturria was lawfully married to Felicitas Trevino Yturria, who is still living. On January 8, 1897, the said Francisco Yturria and Felicitas Trevino de Yturria, his wife, duly and legally, and in all things in conformity with the laws of the state of Texas, adopted Daniel Yturria and Ysabel Dominguez Yturria (now the wife of Miguel Garcia, and sued herein under the name of Ysabel Garcia), who are two of the defendants herein, as the legal heirs of them, and each of them, the said Francisco Yturria and wife. Francisco Yturria died without issue of his body, on June 15, 1912, domiciled in Cameron county, Tex., and leaving a large estate, consisting wholly of his one-half of the property belonging to the community of his aforesaid marriage. Francisco Yturria left a last will and testament which has been duly

and legally probated in the county court of Cameron county, Tex., and thereby devised and bequeathed all of his property as follows: To said Felicitas Trevino de Yturria an estate for her life in one undivided half of same; to said Daniel Yturria, of defendants, an estate for his life, in one undivided one-fourth of same; and to Ysabel Garcia, of defendants, an estate for her life, in one undivided one-fourth of same. The remainder in the property, the life estate in which so passed to Daniel Yturria, was devised and bequeathed to Herminio Yturria and Fausto Yturria, children of the said Daniel Yturria, who were born in lawful wedlock, and who are of defendants herein. The remainder in the property, the life estate in which so passed to Ysabel Garcia, was devised and bequeathed to Miguel Francisco Garcia, Juan Antonio Garcia, Jose Alejandro Garcia, and Maria del Rosario Garcia, children of the said Ysabel Garcia, born to her in lawful wedlock, and who are of defendants herein. The remainder in the property in which the life estate so passed to Felicitas Trevino de Yturria was devised and bequeathed to the above-named children of Daniel Yturria and Ysabel Garcia. The entire estate left by Francisco Yturria at his death, with the exception of the life interest in one-half thereof which passed to his widow, as aforesaid, passed to his said two lawfully adopted heirs, and their children, begotten in lawful wedlock, who are the defendants in this suit."

It is provided in article 7487 of the Revised Statutes of Texas:

"All property within the jurisdiction of this state, real or personal, corporeal or incorporeal, and any interest therein, whether belonging to inhabitants of this state or not, which shall pass absolutely or in trust by will, or by the laws of descent of this or any other state, or by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall upon passing to or for the use of any person except the father, mother, husband, wife or direct lineal descendants of the testator, intestate, grantor or donor, or any public corporation or charitable, educational or religious organization within this state when such bequest, gift or devise is to be used for charitable, educational or religious purposes within this state, be subject to a tax for the benefit of the state. * * *"

The only question in this case is: Are children, legally adopted under the laws of Texas, comprehended and included in the term "direct lineal descendants," and therefore not subject to the inheritance tax prescribed by the quoted statute? This suit is based on the proposition that the term includes only the direct issue of the person from whom the estate descended. Of course the answer to the question must be made under and in view of the statutes as to adopted children in Texas, in connection with Texas cases, assisted by opinions of courts of the United States and other states construing similar statutes. No Texas decision has been rendered on the direct question involved herein, but there are a number of Texas decisions which tend to establish the relation that adopted children sustain as to the property of their parents by adoption. The word, "direct," used in the statute providing for the inheritance tax, bears its usual signification of being in the natural or usual course or line, immediately up or down. It is the opposite of collateral. Black's Law

Dict. p. 370. The word, "lineal," has much the same signification and its force and effect is not increased by the use of the word, "direct," nor is it weakened. A lineal descendant is one who comes in a line, as from father to son, and the construction must depend, in the ultimate analysis, on the position occupied by the adopted child towards his adopted parents.

[1] The law of adoption was unknown to the common law, but was a well-known practice under the Roman law and is the practice in all countries where the civil law prevails. In Texas and many other states the rule has, to a certain extent, been made statutory. Under the civil law, however, it was provided that the adopted child cannot inherit if the person adopting him has a legitimate child living, but it made the adopted child a member of the family and invested him with the privileges and duties peculiar to the relation of parent and child. Under the Texas law the adopted child is not made a member of the family, but it clothes him with all "the rights and privileges, both in law and equity, of a legal heir of the party so accepting him," and it is provided that if the party adopting him shall have—

"at the time of such adoption, or shall thereafter have, a child begotten in lawful wedlock, such adopted heir shall in no case inherit more than one-fourth of the estate of the party adopting him." Article 2, Rev. Stats.; Eckford v. Knox, 67 Tex. 200, 2 S. W. 372.

The law of adoption applies only to heirship and the right to maintenance and support, and in the statute of adoption the person adopted is described as the adopted heir. It has reference alone to material things, and does not attempt to give or place upon the adopted heir the privileges and duties peculiar to the relation of parent and child, as is done by the civil law. Taylor v. Deseve, 81 Tex. 246, 16 S. W. 1008. It gives the adopted heir for all purposes of inheritance the same rights as the child born in lawful wedlock, and brings him effectually within the purview of the general laws of descent and distribution, as limited by article 2, hereinbefore adverted to.

[2] The word, "descendant," as used in article 7487, does not mean one exclusively who is connected in the descending line by blood with the person owning the estate, but undoubtedly was used in the same sense that descendant is used in the statutes of descent and distribution. The effect of the adoption of an heir is to put him in the same attitude towards the adopting parents as if he was their own child. He becomes as much a descendant as though a child born unto the parents. Clark v. West, 96 Tex. 437, 73 S. W. 797; Virgin v. Marwick, 97 Me. 578, 55 Atl. 520.

[3] In construing the language of the law on the inheritance tax, it must be presumed to have been used in the same sense which

it bears in laws on kindred subjects, as construed by decisions made before the law was enacted. The decisions in Texas are as one in holding that, so far as property rights are concerned, the adopted heir stands in exactly the same position as the child of the body of the parents. In a well-considered opinion, written by Associate Justice Rasbury for the Court of Civil Appeals of the Fifth District, after a review of many decisions, the following from a Kentucky case was affirmed:

"That it is the event of adoption that fixes, under the law authorizing the adoption, the legal status of the adopted child; and the child, by the event of adoption, becomes the legal child of the adopting parents, and stands, as to the property of the adopting parent, in the same light as a child born in lawful wedlock, save in so far as the exceptions in the statute authorizing the adoption declare otherwise. And, when the statute authorizes a full and complete adoption, the child adopted thereunder acquires all of the legal rights and capacity, including that of inheritance of a natural child, and is under the same duties." Harle v. Harle, 166 S. W. 674.

Article 2, Revised Statutes, entitles the adopted heir "to all the rights and privileges, both in law and equity, of a legal heir of the party so adopting him," and if it is a privilege to a child of the body to be exempted from taxation on his inheritance, it is a privilege to the adopted child who occupies, under the law, the same status, as to property, as the child born in lawful wedlock. The law as to taxation of inheritances did not seek to deprive him of this right, but left him occupying the same status as before its adoption. The inheritance tax law considers the right to inherit, and not the relationship, and has reference to the heritable status, and not to any relationship to the deceased person. The law had fixed the heritable status of the adopted heir, as equal, so far as this question is concerned, to and on the same plane with the lawfully begotten child, and the Legislature evinced no desire to disturb that status. The decisions of other states, passing on similar statutes, sustain this proposition.

The judgment is affirmed.