## No. 5613.

### JOHN ECKFORD AND WIFE *v.* MARTHA KNOX.

1. DESCENT AND DISTRIBUTION.—The only class of persons who primarily inherit, on the death of a person, every species of property of which he may die seized, whether it be separate or community, are his children; the wife can take no interest in his community estate if they survive him, and if they or their descendants survive, no collateral or person in the ascending line can inherit any portion of his estate.

2. SAME—ADOPTED HEIR.—The interest of an adopted heir in the estate of the person adopting him vests, on his death, without reference to whether children have been born in lawful wedlock or not; his heirship entitles him to an interest according to the terms of the statute in both the separate and community estate, and he stands, as to his right of inheritance, on the same plane with children born in lawful wedlock, though restricted as to the proportion of property he may take by the statute, provided a child survive begotten in lawful wedlock.

3. SAME.—An adopted heir can not be postponed in his inheritance to any class of persons who are not themselves heirs; if there be no children begotten in lawful wedlock, his relation to the deceased is in contemplation of law that of the child, and he inherits as such.

4. SAME—CIVIL LAW.—Our statute prescribing the rights of an adopted heir, modifies the law of Spain on that subject in so far as his rights are concerned, in that he can not inherit under the civil law if his adopter has a legitimate child living. The statute of Texas confers on the adopted heir the rights of a child only with reference to the estate, and does not constitute him a member of the family of his adopter and invest him with the privileges and duties peculiar to the relation of parent and child, as does the civil law.

5. JURISDICTION.—It is the policy of the law to settle in one suit the interests and rights of all the parties to it; hence, though the district court has no original jurisdiction to pass on a guardian's account, yet when in a suit between the guardian and ward, which from its nature involves the adjudication of the entire affairs of the ward's estate, in ascertaining what property the ward is entitled to, it is competent for the court to determine and allow proper commissions for services rendered by the guardian in collecting and paying out the money of the estate.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

William B. Knox died in March, 1880, intestate, leaving a widow, Rachel J. Knox, who married John Eckford, surviving him, and no children.

On the trial it was agreed what part of the property was his separate property, and what part was the community estate of him and the said Rachel, as will be seen from the statement of facts and the judgment.

The plaintiff, Annie M. Knox, by her guardian, Martha Knox, claimed all of the separate property and one-half of the community property, on the ground that William B. Knox had adopted said Annie by an act of adoption under Articles 1 and 2, of the Revised Statutes.

The defendant, Rachel J. Eckford, denied the right of the minor to any of the community property, and to more than half of the separate property, on the ground that a person so adopted as "legal heir" could not take as a child under our community statutes, or as a child, children or their descendants, under Article 1646 Revised Statutes, to interfere with the rights of the surviving wife.

On this issue the court ruled in favor of the minor (the plaintiff) and gave her a decree for all the separate property and one-half of the community, from which defendants appealed.

The court upon the trial allowed a certain claim in favor of Martha Knox for the sum of three thousand seven hundred and eight dollars and provided in the decree for its payment, in the same manner as the receiver's bills were provided for, to which action of the court defendants excepted.

*J. M. Eckford* and *Simpson & James*, for appellant, cited Title 1, Revised Statutes; Articles 1646, 1653, Revised Statutes, page 247; Johnson v. Harrison, 48 Texas, 267; Burgess v. Hargrave, Texas Law Review, May, 1885, page 65; Platt on Property Rights of Married women, page 127, 123; Smith v. Allen, 28 Texas, 501; Garrett v. Gaines, 6 Texas, 446, 448; Legg v. McNeill, 2 Texas, 429; Denison v. League, 16 Texas, 399.

*Waelder & Upson* and *Devine & Smith*, for appellee, cited Article 2, Revised Statutes; Article 1646, Revised Statutes; Sewall v. Roberts, 115 Massachusetts, 277; Humphries v. Davis, 100 Indiana, 274; Schouler's Domestic Relations, section 232, page 314, and Ross v. Ross, 129 Massachusetts, 266, 267.

WILLIE, CHIEF JUSTICE.   Article 1 of our Revised Statutes provides the means by which one person may adopt another as his legal heir.   Article 2 provides that the party so adopted shall

be entitled to all rights and privileges of a legal heir to the party so adopting him; provided, however, that if the party adopting such heir have at the time of such adoption, or shall thereafter have, a child, begotten in lawful wedlock, such adopted heir shall in no case inherit more than one-fourth of the estate of the party adopting him. To ascertain the right of an adopted heir, we must read the foregoing provisions in connection with our statute of descent and distribution. In case of the death of a person leaving no husband or wife surviving, the children of the deceased inherit the entire separate estate. In case a husband or wife survives, he or she takes one-third of the personalty by absolute title, and one-third of the real estate for life, and the remainder passes to the children or their descendants. The interest of a decedent in the community property passes to his or her child or children, and, in default of such, to the surviving spouse.

It will thus be seen that the only class of persons who primarily inherit from a deceased person every species of property of which he may die seized, whether it be separate or community, are his children. If he leave children, the wife can not inherit his interest in the community estate; and if he leave either children or their descendants, no collateral or relative in the ascending line can take any part of his separate property. To let in any other class of persons to the inheritance of the whole estate, common and separate, there must be no children of the decedent surviving him.

Strictly speaking, there is no such thing as the heir of a living person. When the statute says that one person may adopt another as his heir, and that the latter thereupon becomes entitled to all the rights and privileges of a legal heir of the party so adopting him, it means that, upon the death of the adopting party, the other shall, if living, become entitled to an interest in all his property of which he shall die intestate, and shall not be wholly excluded by any class of persons whatsoever. His heirship is not confined to the separate or the community estate. It includes them both. Otherwise he is not a full heir to the property of the party adopting him. He has not all the rights and privileges of such an heir, and to these the statute says he shall be entitled. If he was to take only in the event the adopting party have no children born in lawful wedlock, it would doubtless have been so said in the statute. He would not then have been an heir certain, but one whose right to inherit an interest in the

entire estate depended upon the contingency that some person or class of persons having precedence in the inheritance were not in being when the intestate died.

If we take the liberty of postponing the adopted heir so as to give the children preference over him, in what class is he to be ranked? Will he partake of the inheritance with the wife or the father or mother, or the grandfather and grandmother, or with collaterals, and if so, in what degree? To such questions as these we can receive no answer that is justified by the statute or by any process of reasoning that can be adopted. The result is that unless we place the adopted heir upon the same plane with the children of the intestate the statute is of no force whatever, and the adoption of an heir is a vain and useless ceremony.

But the statute does not leave us in doubt upon this question. The proviso is to the effect that if the party adopting the heir had at the time or thereafter a child begotten in lawful wedlock, the adopted heir shall not inherit more than one-fourth of the estate of the party adopting him. Why the necessity of this proviso, if the heir could not inherit at all in case the deceased left a child or children?

But there was a necessity for it, if, without it, the adopted heir would share equally with the children of the deceased, begotten in lawful wedlock. This, as the legislature saw, would be the natural effect of his heirship; and, to confine the amount of his inheritance within such limits as would give a large proportion of the decedent's estate to his children, they attached the proviso. They make it clear that he was to inherit, though the deceased might leave children surviving him; and that, so far as the inheritance was concerned, he occupied the position of a child with no other restrictions upon his rights except such as were contained in the proviso.

Whoever succeeds to the property of a deceased person who dies intestate, succeeds to it as an heir. To create one person the heir of another, is to give him the right to succeed to a portion, and if there be no other heirs, the whole of the latter's estate, if he died intestate. Without words of limitation in the statute, he can not be postponed to any other class of persons, or his heirship does not exist. The father and mother are not the heirs of their child, who himself leaves children or their descendants. The wife is not the heir to her husband's interest in the community property, if he leaves a child surviving him.

If the adopted party must succeed to the whole or a portion of

the intestate decedent who has adopted him, and must take an interest in it, though there be children of the latter surviving, he occupies the position of a child so far as the inheritance is concerned. He can not be postponed to any class of persons who are not themselves heirs except in default of children, and will take in all respects as a child if the statute itself does not limit his rights in this respect. Aware that the effect of the law was to give him a child's share of the property, the legislature confined his inheritance under certain circumstances to one-fourth of the estate, thereby saying that in all other respects he should be entitled to all the rights and privileges of a child so far as the inheritance is concerned.

These views derive strength from the general rules governing adoption wherever it prevails. Adoption was unknown to the common law, but was in practice and recognized under civil law jurisprudence from its earliest days. Its effect was to make a stranger the son and heir of the person adopting him. The person adopted entered the family and came under the power of the head of the family. He stood in the relation of child to his adopter, and his children became the grandchildren of such person. (Vidal v. Commagere, 13 La. Ann., 517.)

By the Spanish law the person adopted succeeded as heir to the one adopting him (4 Partides Lit., 16), but according to the law as it existed in Mexico whilst Texas was under the dominion of that government, no person having a legitimate child living could adopt a stranger as co-heir with his child. (Teal v. Sevier, 26 Texas, 520.)

Our statute imports the civil law as to adoption into our jurisprudence, but modifies it in some important respects. It gives to the adopted party the position of a child, only so far as to make him the heir of his adopter, but does not constitute him a member of the latter's family with such duties and privileges as that relation would imply. It allows him to inherit to a certain extent, though there be legitimate children born to the adopting party. But as to the inheritance in all other respects it gives all the rights and privileges of a legitimate child. It has been held in Louisiana under a statute allowing a married couple to adopt a young orphan child, that when adopted the latter became to all intents and purposes the child of the adopting couple. The statute did no more than to allow the adoption, and said nothing as to whether it was to constitute the adopted party a child of the adopters, or what relation she was to bear toward them; but

it was held that she became their child to all intents and purposes, and they having, in so many words, adopted her as such, their action was held to be in accordance with a proper understanding of the statute.

It may be added that the only adoption referred to in our Constitution is that which constitutes the adopted party a child, which must be regulated by general law, and can not be authorized by special statute. (Article 3, section 56.) From these views we conclude that when W. B. Knox adopted Annie M. Knox she became entitled to inherit his estate in the same manner as if she had been his child born in lawful wedlock, subject only to the limitations contained in the proviso to Article 2 of our Revised Statutes. As Knox did not at any time have children, the action of the court below in distributing his estate was in all things correct, and must be sanctioned by this court.

There was no error in making to Miss Martha Knox an allowance for her commissions for moneys received and paid out during her guardianship of the minor, Annie M. Knox. Her claim was a legitimate one against the estate of her ward, and such as would have been allowed by the county court had she been settling the estate in that court. It consisted of five per cent commissions for receiving and the same amount for paying out moneys which passed through her hands as guardian. None of the items of the account are shown to be incorrect. The district court had before it the entire affairs of the ward's estate for adjudication so far as to determine what were the amounts of the property to which she was entitled; and whilst it had no original jurisdiction to pass upon the guardian's accounts, it was authorized to do so, where this was proper in order to ascertain the amount of the property to which the ward was entitled.

It is the policy of our law to settle in one suit the interests and rights of all parties in the subject matter of litigation, leaving as little room as possible for multiplicity of actions. (Garrett v. Gaines, 6 Texas, 446.) The district court having obtained jurisdiction of a cause, had cognizance of it for all purposes of the suit, and the full merits of the controversy could be settled by it between all the parties. (Chambers v. Cannon, 62 Texas, 293.) This principle has been repeated over and over again in the decisions, and need not be further considered.

Upon the appellant's own application and in obedience to his demand made in his answer, Miss Knox was required to make an account of her management of the estate. She filed her ac-

count, showing a full statement of debits and credits, and it was the duty of the court, in passing upon that account, to consider both, and not merely the items with which she was charged, sending her to another forum to establish her credits.

We think the judgment is entirely correct in every particular, and it is affirmed.

*Affirmed.*

Opinion delivered December 21, 1886.