EVANS v. EVANS. (No. 590.)

(Court of Civil Appeals of Texas. El Paso. May 25, 1916.)

1. WILLS ⊛═192—REVOCATION—SUBSEQUENT ADOPTION OF HEIR—STATUTES.

Rev. St. 1911, art. 1, provides for adoption of another as legal heir, article 2 provides that statement filed under the statute shall entitle the party so adopted to all the rights of a legal heir of the party adopting him. Articles 7866 and 7867 provide that the birth of an after-born child shall have the effect to revoke the father's previously executed will. Held, that the adoption of a child or heir by testator after the execution of his will did not have the effect to revoke it, as such adopted child was not a child of the testator within the statutes, and was not entitled to inherit any of the testator's property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 479; Dec. Dig. ⊛═192.]

2. WILLS ⊛═168—REVOCATION—METHOD.

No valid written will can be revoked, except in one of the modes pointed out by the statute.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 439; Dec. Dig. ⊛═168.]

3. ADOPTION ⊛═21—ADOPTED HEIR—RIGHTS IN ESTATE.

An adopted heir, upon the death of the adopting party, becomes entitled, if living, to an interest in all the property of which he may die intestate.

[Ed. Note.—For other cases, see Adoption, Cent. Dig. §§ 35, 36, 38–40; Dec. Dig. ⊛═21.]

Appeal from District Court, Andrews County; S. J. Isaacks, Judge.

Suit by T. H. Eastman, guardian of Jack Evans, a minor, against Mrs. Dora Evans, to set aside an order of the probate court probating the will of J. W. Evans, deceased. Judgment for plaintiff setting the order of probate aside, and defendant appeals. Reversed and dismissed.

H. E. Chesley, of Hamilton, for appellant. Tom T. Garrard, Jr., and Earl W. Anderson, both of Midland, for appellee.

HARPER, C. J. This suit was instituted by T. H. Eastman, guardian of Jack Evans, a minor, to set aside an order of the probate court probating the will of J. W. Evans, deceased, upon the ground that he (deceased) having subsequent to the execution of the will adopted said Jack Evans, the will was by said act of adoption revoked. The defendant, Mrs. Dora Evans, answered by general demurrer and general denial. The judgment of the county court and upon appeal, the judgment of the district court, set the order of probate aside, from which this appeal is prosecuted.

The findings of fact correspond to the allegations of fact in the petition, and, as found by the trial court, are as follows:

"(1) Defendant, Dora Evans, was the wife of J. W. Evans, deceased, and they were living together as husband and wife about the 20th day of December, 1910.

"(2) That on or about the 20th day of December, 1910, the said J. W. Evans made and executed what he termed his last will and testament, by the terms of which all of his property, both real and personal, was willed to his wife, Dora Evans, who is the defendant in this case; said instrument also appointing her executrix of his will, without bond.

"(3) That thereafter, on or about the 26th day of September, 1911, the said J. W. Evans, deceased, and the defendant, Dora Evans, who was Margaret E. Evans, by their joint instrument in writing, duly and legally adopted Jack Evans as their legal heir, which instrument was filed, as required by law, with the county clerk of Andrews county, and recorded in the office of said county clerk; said instrument being in words and figures as follows:

"'Adoption Papers.

"'Children's Home Society, Rev. I. Z. T. Morris, Supt.

"'State of Texas, County of Andrews.

"'Know all men by these presents that we, J. W. Evans and Margaret E. Evans, wife of said J. W. Evans, both of Andrews county, Texas, have adopted and by these presents do adopt as our legal heir, a male child, now and for some time past in our possession and custody, and placed in our custody by Rev. I. Z. T. Morris. We have given and do hereby give to the said child the name of Jack Earnest Evans. The said child is to bear the above name and is to be taken care of by us as though it were our own child, and we have signed and acknowledged the foregoing to evidence under the laws

of the state of Texas that we do so adopt for our legal heir the said male child.

" 'Witness our hands at Shafter Lake, Texas, this, the 26th day of September, A. D., 1911.

"    'J. W. Evans.

"    'Margaret E. Evans.

" 'State of Texas, County of Andrews.

" 'Before me, C. S. Bailey, a notary public in and for Andrews county, Texas, on this day personally appeared J. W. Evans and Margaret E. Evans, wife of said J. W. Evans, known to me to be the persons whose names are subscribed to the foregoing instrument, and each of said persons acknowledged to me that they each of them executed the same for the purposes and consideration therein expressed.

" 'Given under my hand and seal of office, this, the 26th day of September, A. D. 1911.   C. S. Bailey, Notary Public in and for Andrews County, Texas.   [Seal.]'

"(4) J. W. Evans, husband of Dora Evans, died in Andrews county, Tex., on or about the 19th day of March, 1913, without having made any other will than the one set out in finding No. 2, and without making a codicil to said will, and left surviving him as his heirs the plaintiff, Jack Evans, and defendant, Dora Evans.

"(5) The will mentioned in finding No. 2 made no mention of or provision for the plaintiff, Jack Evans, nor for any child or children which the said J. W. Evans might have at the time of his death.

"(6) J. W. Evans, deceased, nor the defendant, ever at any time had a child or children born to them, and that J. W. Evans, deceased, had no child or children living at the time of making the will mentioned in finding No. 2 hereof.

"(7) After the death of J. W. Evans, the will mentioned in finding No. 2 was filed for probate in the county court of Andrews county, and on the 6th day of May, 1913, said court attempted to probate said will, and entered an order on said date admitting same to probate, appointed appraisers to appraise said estate and an inventory and appraisement of said estate was rendered, showing said estate to be worth $8,069.

"(8) The defendant, Dora Evans, took the oath and qualified as executrix of said will, and letters testamentary were granted to her, and she took possession of the estate of J. W. Evans, deceased, and is now in possession of said estate.

"(9) Plaintiff did not appear to contest said will when same was offered for probate because of his minority and lack of knowledge, and because he had no guardian to appear for him.

"(10) T. H. Eastman is the duly appointed and constituted guardian of the estate of the plaintiff, who is a minor, between seven and eight years old, and who is now living."

[1-3] The proposition urged by appellant is that an adopted child, under articles 1 and 2 of Revised Statutes of Texas 1911, is not a child of a testator within the purview or meaning of articles 7866 and 7867, Revised Civil Statutes, and therefore not entitled to recover one-half of the property of the decedent, regardless of the will in favor of the defendant.

In other words, the adoption of a child subsequent to the execution of a will did not have the effect to revoke the will as would the birth of a child subsequent to the execution of the will as provided by statutes.

Articles 1 and 2 read as follows:

"1. Any person wishing to adopt another as his legal heir may do so by filing in the office of the clerk of the county court of the county in which he may reside a statement in writing, by him signed and duly authenticated or acknowledged, as deeds are required to be, which statement shall recite, in substance, that he adopts the person named therein as his legal heir, and the same shall be admitted to record in said office.

"2. Such statement in writing, signed and authenticated or acknowledged, and recorded as aforesaid, shall entitle the party so adopted to all the rights and privileges, both in law and equity, of a legal heir of the party so adopting him:   Provided, however, that if the party adopting such heir have, at the time of such adoption, or shall thereafter have, a child begotten in lawful wedlock, such adopted heir shall in no case inherit more than one fourth of the estate of the party adopting him."

Articles 7866 and 7867 read:

"7866. If a testator having a child or children born at the time of making his last will and testament shall, at his death, leave a child or children born after the making of such last will and testament, the child or children so afterborn and pretermitted shall, unless provided for by settlement, succeed to the same portion of the father's estate as they would have been entitled to if the father had died intestate; toward raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by such last will and testament, in the same manner as is provided in article 7865.

"7867. Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, or leave his wife enceinte of a child which shall be born, shall have no effect during the life of such after-born child, and shall be void, unless the child die without having been married and before he shall have attained the age of twenty-one years."

No valid written will can be revoked except in one of the modes pointed out by the statute.   Morgan v. Davenport, 60 Tex. 230.

An adopted heir, upon the death of the adopting party, becomes entitled, if living, to an interest in all the property of which he may die intestate.   Eckford v. Knox, 67 Tex. 200, 2 S. W. 372.   J. W. Evans having left a will at the time of his death, he did not die intestate, unless his act of adopting Jack Evans, under the statute, subsequent to the execution of the will, had the effect to revoke it.   These statutes provide that an "after-born" child shall have the effect to revoke the previously executed will, and in no way suggest that the adoption of a child or heir after the execution of a will shall have the effect to revoke it.   We therefore conclude that under the facts, Jack Evans is not entitled to inherit any of the property of J. W. Evans, deceased (Gardner on Wills, p. 289), and that therefore the general demurrer should have been sustained.

Reversed and dismissed.