**PRESTON v. MAYO et al.** (No. 2511.)

(Court of Civil Appeals of Texas. Texarkana. March 6, 1922. Rehearing Denied March 16, 1922.)

1. Adoption ⬅6—Adoption held conditional and not to give child right as heir.

An instrument of adoption, reciting that in consideration that the child "will remain in my custody and care as my ward until he arrives at the age of twenty-one years, and further that said E. P. [the child] will have his name changed in a lawful manner: * * * Therefore, for the above-named considerations I do here by these presents adopt said E. P. as my lawful and legal heir, and when the above conditions are complied with he is entitled to all the rights and privileges of an adopted heir," was conditional and did not entitle the child to share in the estate of the adopting parent, where he did not change his name or live with the adopting parent until 21 years of age, though he did not know that such conditions existed.

2. Specific performance ⬅38—Oral promise to devise not specifically enforced.

Oral promise to devise property cannot be specifically enforced.

Appeal from District Court, Lamar County; A. P. Dohoney, Judge.

Suit by Eugene Preston against John Mayo and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Ownby & Allen, of Paris, for appellant.
Moore & Hardison, of Paris, for appellees.

HODGES, J. On October 14, 1920, the appellant filed this suit to recover an undivided one-fourth interest in a tract of land situated in Lamar county and fully described in his original pleadings. The appellees, defendants below, are the children and only heirs of Wilson Mayo, who died in 1914. Appellant's claim is based upon an alleged agreement by Wilson Mayo that he should have at Mayo's death a part of the latter's property. The third amended original petition alleges, in substance, the following facts: That when the plaintiff was a minor under 8 years of age, he was taken into the family of Wilson Mayo, who undertook to adopt the plaintiff as an heir, and did on the 3d day of January, 1885, make a written instrument, duly acknowledged in the manner required by law and recorded in the deed records of Lamar county. That by the execution of that instrument Mayo attempted to adopt the plaintiff as his lawful heir, but the instrument did not have that effect, for the reason that it required the plaintiff to have his name changed to Eugene Mayo and also required the plaintiff to live with Mayo until the plaintiff was 21 years of age. It is further alleged that by reason of his tender years the plaintiff did not remember seeing the written instrument at the time it was made, and did not know that it contained the provisions and conditions referred to until after the death of Mayo. After the execution of that instrument the plaintiff became a member of the family of Mayo, was subservient to his command, performed services for him, was hired to work for other parties, and Mayo received the compensation for such hire. That by reason of the execution of that instrument and the conditions which followed Mayo became bound and promised to leave the plaintiff a portion of his property when he died. Mayo died about the 1st of August, 1914, leaving a will in which he bequeathed all of his property to his wife during her natural life, and at her death to

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the defendants John Mayo and Mrs. J. S. Smith, but made no provision whatever for the plaintiff. The plaintiff remained in the care and custody of Mayo until the —— day of ——, 1895, at which time, with the consent of Mayo, plaintiff married and thereafter lived to himself. The petition describes by metes and bounds the real estate involved and alleges that it was the Mayo homestead and was occupied by Mayo's wife until her death in September, 1920. He alleges that at the time he was taken to the home of Mayo plaintiff was too young to understand and remember all of the contract, but he does remember that Mayo promised him that he should have a part of his (Mayo's) property at his death, and that Mayo promised him that he would have the papers fixed so that at his death plaintiff would get a portion of that property. That during the time he was serving Mayo the latter told plaintiff that it was fixed so that at his (Mayo's) death plaintiff would get a portion of his property, and Mayo continued to make plaintiff such statements until the plaintiff was married. The petition concludes with a prayer for an undivided one-fourth interest in the real estate described. As an exhibit to his petition the appellant filed the following as a copy of the instrument of adoption referred to:

"State of Texas, County of Lamar.

"Know all men by these presents: That I, Wilson Mayo, of Lamar county, Texas, for and in consideration of the love and affection I have for Eugene Preston, a minor of the age of eight years, and the further consideration that said Eugene Preston is an orphan whose parents are both dead, and that said Eugene Preston will remain in my custody and care as my ward until he arrives at the age of twenty-one years, and further that said Eugene Preston will have his name changed in a lawful manner to that of Eugene Mayo:

"Therefore, for the above-named considerations I do here by these presents adopt said Eugene Preston as my lawful and legal heir, and when the above conditions are complied with he is entitled to all the rights and privileges of an adopted heir under the laws of the state of Texas.

"Witness my hand this January 3, 1885.
"[Signed] Wilson Mayo."

This instrument was duly acknowledged and recorded in the office of the county clerk of Lamar county.

The appellees answered by general and special exceptions, which were sustained by the court; and, upon the refusal of the appellant to amend, the case was dismissed.

[1, 2] Appellant concedes that the instrument was insufficient to create an adoption as required by our statutes, but insists that, when considered together with the fact that appellant submitted himself to the custody of Mayo, the writing was sufficient to create a contract on the part of Mayo that the plaintiff should have a portion of Mayo's property; such portion being the amount plaintiff would have received had the adoption instrument been valid and had Mayo died intestate. As supporting that contention, appellant has referred to the case of Thompson v. Waits (Tex. Civ. App.) 159 S. W. 82. The instrument relied on in that case was materially different from the one executed by Mayo. In the Waits Case there was an apparent intention on the part of J. M. Jackson and his wife to leave a portion of their estate to the claimant without imposing any conditions whatever. In this instance there is no evidence of any intent to do more than to make a conditional adoption of the appellant as an heir. Those conditions were that the appellant should have his name changed to Eugene Mayo and should reside with Mayo till the appellant was 21 years of age. It is not alleged that either of these conditions was complied with, and the only excuse given is that the appellant did not know that any such conditions existed. While the petition alleges in a somewhat indefinite manner a promise on the part of Mayo to leave the appellant a portion of the Mayo estate, it is apparent that such promises were oral and for that reason cannot be specifically enforced in a suit of this character. Hooks et al. v. Bridgewater (Tex. Sup.) 229 S. W. 1114, 15 A. L. R. 216; Henderson v. Davis (Tex. Civ. App.) 191 S. W. 358.

We are further of the opinion that the judgment of the trial court in sustaining the exceptions to this petition is justified upon the ground that the action, if any ever existed, was barred by the statutes of limitation before the filing of the appellant's original petition.

The judgment is affirmed.