**PREUSSE et ux. v. McLERRAN et al.** *
(No. 311.)

(Court of Civil Appeals of Texas. Waco. Feb. 4, 1926. Rehearing Denied March 4, 1926.)

**1. Adoption ⬤⟷20 — Adopted child acquires against adopting party rights of natural child (Rev. St. 1911, arts. 1, 2, 5–7, and articles 3, 4, as amended by Acts 36th Leg. 3d Called Sess. [1920] c. 62, § 1 [Vernon's Ann. Civ. St. Supp. 1922, arts. 3, 4]).**

Under Rev. St. 1911, arts. 1, 2, 5–7, and articles 3, 4, as amended by Acts 36th Leg. 3d Called Sess. (1920) c. 62, § 1 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3, 4), child formally adopted acquires against adopting party, not only right of heirship, but also right to support and maintenance as if adopting party were his lawful parents.

**2. Adoption ⬤⟷20—Statute bars natural parents from exercising any authority or control over child adopted when voluntarily abandoned by its parents for three years or more (Rev. St. 1911, arts. 1, 2, 5–7, and articles 3, 4, as amended by Acts 36th Leg. 3d Called Sess. [1920] c. 62, § 1 [Vernon's Ann. Civ. St. Supp. 1922, arts. 3, 4]).**

Rev. St. 1911, arts. 1, 2, 5–7, and articles 3, 4, as amended by Acts 36th Leg. 3d Called Sess. (1920) c. 62, § 1 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3, 4), relating to · adoption, manifests legislative intention, when child has been voluntarily abandoned by its parents for 3 years or longer, and during such period has been legally adopted by a worthy party, to bar natural parents from exercising any authority,

custody, or control over such child so long as adopting party complies with statute.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Habeas corpus by Mathilda McLerran and another against G. Preusse and wife. From the judgment rendered, defendants appeal. Reformed and affirmed.

M. G. Cox, of Cameron, for appellants.
N. J. Llewellyn, of Marlin, for appellees.

GALLAGHER, C. J. This suit was instituted by habeas corpus to secure the custody and control of Annie Enson, a minor. The writ was issued on affidavit of an attorney acting for and in behalf of Mrs. Mathilda McLerran and husband, Fred McLerran, who made themselves parties plaintiff and prosecuted the suit to judgment. Appellants, G. Preusse and Mathilda Preusse, were the defendants. Annie Enson was at the time of trial about eight years of age. She is the daughter of Mrs. McLerran. Fred McLerran is her stepfather. Mrs. Mathilda Preusse is an aunt of Mrs. McLerran. At the time of the birth of Annie Enson, Mrs. McLerran, then Mathilda Seidleman, was about 17 years of age and unmarried. Her father was dead and her mother insane and confined in an asylum, where she shortly thereafter died. Said child was born in Oklahoma. Mrs. Preusse went to Oklahoma for the purpose of getting her said niece and bringing her home to Falls county. The question of securing a home for the child in Oklahoma and leaving it there was discussed, but Mrs. Preusse offered to take the child herself and raise it, and its mother then and there by verbal agreement gave it to her. From that time Mrs. Preusse has cared for said child as her own. She and her husband received it as a member of their family, and have continuously since that time treated it as such. They are attached to it, and it is attached to them. They are sending it to school, and taking personal interest, and giving it personal assistance, in its school work. At the time Mrs. Preusse took said child she offered its mother a home in their family, which offer she accepted. She did not give her child personal care or attention, but permitted Mrs. Preusse to take it into her own room and to attend and care for it. On March 12, 1925, appellants adopted the minor Annie Enson in due form, as provided by the statute in force at that time. Mathilda Seidleman resided with appellants continuously as a member of their family until some time in the year 1921. About that time friction arose between her and appellants, and she went out to work for wages. Since then the breach has widened, and there is now considerable bitterness between them. She and Fred McLerran were married in December, 1924. They thereafter, on April 21, 1925, caused this suit to be in-

stituted for the recovery of possession and custody of said child, claiming the parental right of Mrs. McLerran to such possession and custody, and that they were proper persons to have such possession and custody, and that appellants were not proper persons to have the same. Appellants answered, alleging, among other things, that appellee Mrs. McLerran had given said child to them and had voluntarily abandoned such child and left it to their care for a period of more than 3 years, and that they had adopted said child, and that under and by virtue of the provisions of the statute in such cases said Mrs. McLerran should be held to have transferred her parental authority and ·custody over said child to them, and should be barred under such provisions from exercising any authority, control, or custody over the person or estate of such minor as against them. They also pleaded that appellees were not proper persons to have the possession and custody of said child, and that they, appellants, were the proper persons to have such possession and custody, and that the best interests of the child would be served by letting it remain with them and under their control.

The case was tried before the court without a jury. The court rendered judgment reciting that appellants Preusse and wife were fit and proper persons to whom to award the care, custody, and control of said minor, and that at the present time, and under the present conditions, Mrs. McLerran and husband were not fit and proper persons to whom to award such care, custody, and control, and that the best interests of said minor at that time required that she be remanded to the care, custody, and control of appellants, and the court in said judgment did award the care, custody, and control of said minor to appellants. The court in said judgment recited that the same was without prejudice to any subsequent application and showing of competency and fitness of appellees or change in their circumstances or the circumstances of appellants. The court, however, incorporated in his judgment the following paragraph:

"As to the issue of limitation, the court finds against respondents, and in favor of relators, and holds and decrees that the parent of said child is not barred by limitation from claiming the care, custody, and control of the said minor, but the custody of said minor is awarded to respondents on other grounds."

Appellants G. Preusse and wife present said judgment to this court for review, and contend that the court erred in not holding and adjudging that Mrs. McLerran had waived her parental rights and had transferred her parental authority and custody over said child to them, and that she and her said husband were barred by the terms of the adoption statute from exercising any authority, control, or custody over the person and estate of said minor Annie Enson as against them.

The statutory law applicable to the issues here involved is found in Revised Statutes 1911, articles 1–7, inclusive, as amended by chapter 62 of the General Laws, Thirty-Sixth Legislature, Third Called Session, page 115 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3, 4). Said articles, as far as applicable herein, provide, in substance, that any person desiring to do so may adopt another person as his heir by executing, acknowledging, and recording a proper declaration to that effect; that, when a parent has voluntarily abandoned his child and left it to the care of others for a period of at least 3 years, and such child shall be adopted by another as provided above, such parent shall be held to have transferred his parental authority and custody over such child so adopted to the party adopting it; that, after such abandonment of such child, and its adoption as aforesaid, such parent shall thereafter be barred from exercising any authority, control, or custody over the person of such child as against the person adopting it; that a child so adopted shall have· the same rights against the person adopting it for support and maintenance and for proper and humane ‚treatment as a child has by law against its lawful parents, and shall be entitled to the rights and privileges both in law and equity of a legal heir of the party so adopting it; that nothing in said article shall prevent a court of competent jurisdiction from taking the custody of such child away from such adoptive parent and awarding the same to its natural parent upon proof of bad moral character of such adoptive parent, or of abuse, neglect, or ill treatment of such child. There is no statement of facts in the record, but the trial court filed conclusions of fact and of law, which are included .in the transcript. The facts heretofore recited are taken therefrom. The court in his conclusions of law held that the articles of the statute above referred to should be construed to require, not merely that the child should have been voluntarily abandoned by its parents and left to the care of another for a period of 3 years, but to require, in addition to such abandonment and such period, that such child should have been formally adopted for a period of at least 3 years before the parent could be held to have transferred his parental authority over such child to the person adopting it, and to be barred from exercising any authority, control, or custody over such child or its estate as against such person.

[1, 2] Prior to 1907 (Acts 1907, c. 47), when the provisions of articles 3 to 7, inclusive, of said statutes were first enacted into law, a formal adoption conferred the right of heirship only, and did not of itself invest the adopted party, even though a child, with the right to support and maintenance from the adopting party. Eckford v. Knox, 2 S. W.

372, 67 Tex. 200, 204; Taylor v. Deseve, 16 S. W. 1008, 81 Tex. 246, 249; 1 Corpus Juris, p. 1395, § 117. Since the enactment of such law, a child so adopted does acquire against the party adopting it, not only the right of heirship, but also the further right to support and maintenance the same as if such party were his lawful parent. The creation of such rights in favor of the child creates at the same time corresponding obligations on the part of the adopting party. There is no statutory way provided for revoking an adoption. It is not necessary to consider how the rights of the adopted child on the one hand and the obligations of the adopting party on the other may be terminated. The manner of accomplishing such purpose is at least involved in uncertainty, and would doubtless be attended with a greater or less burden of trouble and expense. It may reasonably be supposed that a person adopting a child of tender years, and thereby assuming responsibility for its support and maintenance, and thereby conferring upon it the right of heirship to the exclusion of collateral kin, and admitting it to participate in his property at his death with his own children, if any, expects the status thus created to endure, and hopes for the continued enjoyment of some measure of filial love, service, and devotion in return for the benefits so freely bestowed. The primary purpose of adoption statutes is said to be to promote the welfare of the child by securing for it the benefits of a home and parental care, and it is said that such statutes should be construed with this end in view. 1 Corpus Juris, p. 1374. Every consideration of humane feeling and public policy prompts such reasonable construction of said articles of our statutes as will afford an opportunity for a child that has been voluntarily abandoned by its parents and left to the care of others for a period of 3 years or longer to secure the benefits conferred by a formal adoption by some worthy person. Such opportunity will no doubt be greatly enhanced by the knowledge on the part of a person contemplating adopting such child that, if he does so, the parents guilty of such voluntary abandonment will be held to have waived their parental rights and to be barred by law from interfering with his possession of such child, and from exercising as against him any authority, control, or custody over it, so long as he shall not abuse, neglect, or illtreat it, and shall maintain a good moral character, as required by said articles. We also think that a party contemplating adopting such an abandoned child might be effectively deterred from doing so by the knowledge that the natural parent or parents of such child, notwithstanding such voluntary and long-continued abandonment, might retake such child and deprive him of its control and custody on parental right alone at any time during 3 additional years from and after such adoption. Considering our adoption statutes as a whole, we think that these provisions were enacted to encourage adoption of abandoned children. We further think that the Legislature intended that, when a child had been voluntarily abandoned by its parents, and left by them to the care of others for 3 years or longer, and when such child had during such 3 years or thereafter, while such abandonment continued, been regularly adopted by a worthy person, the prohibition of the statutes should apply, and the natural parents be barred by law from exercising any authority, custody, or control over such child so long as the person so adopting it shall comply with the provision of said statutes. Appellants admitted in their pleadings that the adoption relied on by them to confirm the right claimed by them to the custody of said minor did not take place until some 30 or 40 days before the institution of this suit. The paragraph of said judgment above recited was doubtless incorporated therein as the result of the application of said conclusion of law to such admitted state of facts.

The findings of fact by the court are very voluminous, and consist more of a recital of the evidence in the case than of findings on the material issues involved. There is no specific finding by the court on the issues of whether the minor Annie Enson had been voluntarily abandoned by her mother for a space of 3 years or more, and whether she had been adopted by appellants while such abandonment continued. In the absence of findings on such issues, we deem it proper merely to reform the judgment by excluding therefrom the paragraph thereof complained of by appellants and hereinbefore quoted verbatim; such exclusion being without prejudice to the right of either appellants or appellees to litigate such issue in any future contest between them over the possession, control, or custody of said minor. The judgment of the trial court is so reformed. There is ample support in said findings of fact for the judgment of the court awarding the custody of said child to appellants under existing conditions, and appellees are not complaining of the same. The judgment of the trial court, as reformed, is affirmed. . .