**T. L. BUTTS et ux., Appellants,**

v.

**Marshall SOMERS et ux., Appellees.**

**No. 6014.**

Court of Civil Appeals of Texas.

El Paso.

March 19, 1969.

Dan Sullivan, Andrews, for appellants.

Haley & Smith, Joe Smith, Seminole, for appellees.

## OPINION

FRASER, Chief Justice.

This is an appeal from a judgment of the District Court of Gaines County, Texas. The facts are substantially as follows:

On or about the 2nd day of October, 1967, the parties to this controversy entered into a lease contract whereby the appellees leased certain property defined as real estate and a drive in cafe, which was located on said property. The word "cafe"

and "drive in cafe" are used interchangeably within the terms of the lease; as, for example, in the lease itself it is stipulated that the leased premises shall be used for cafe purposes and none other without the consent of the landlords, and in another portion of the lease it is stated that the tenants may operate the cafe business under the assumed name of "Frosty-Way Drive In" or similar assumed name. The parties then inserted a covenant not to compete, stating: "Landlords hereby covenant that they will not, directly or indirectly engage in the drive in cafe business in Seminole, Texas, or within three miles thereof so long as this lease or any extension thereof remains in effect." Appellants, by letter dated March 22, 1968, advised appellees that they planned to build a restaurant in Seminole, and in said letter advised appellees that their failure to reply would be an assent that the non-competing agreement would not be violated by such plans. On March 27, 1968 appellees replied in the negative and asserted that such plans would indeed violate such covenant to not compete. Then, on the 24th day of May, 1968, appellants filed a suit seeking a declaratory judgment and asked the court to find that the non-competing covenant would not be violated by their plans to build and operate a contemplated business. Appellees filed their answer asserting their opposition to such plans and alleged that the non-competing covenant would be violated. The trial court duly rendered his judgment that as a matter of law, the covenant to not compete would be violated.

Appellants have one point of error in which they allege that the court erred in ruling, as a matter of law, that their plan to build a restaurant similar in operation to what is known as a "Toddle House", specializing in waffles, breakfasts at all hours, short orders, salads, pastries, etc., with all service and eating facilities inside the building and with no service to automobiles outside the building and no drive-in window would violate the covenant to not compete with the tenant.

It has long been held that a contract must be considered as a whole in reflecting the parties' general intention and to shed some light on any particular part of the contract that is in controversy. LeBlanc, Inc. v. Gulf Bitulithic Company, Tex.Civ.App., 412 S.W.2d 86 (ref. n. r. e.); Howerton v. Tomlinson, Tex.Civ.App., 421 S.W.2d 494 (ref. n. r. e.). And it has been held that in construing a contract, the courts must do their best to ascertain and give effect, wherever possible, to the real intention of the parties involved. Fortner v. Johnson, Tex.Civ.App., 404 S.W.2d 892 (ref. n. r. e.); Brown v. Brown, Tex.Civ. App., 245 S.W.2d 995 (ref.).

It is our opinion that the court reached the right conclusion as, basically, the plan of the appellants was to build another eating house, but without drive-in or window facilities. The record shows that appellants had been in the business for some time, and we feel that under such circumstances they would naturally attract some of their old customers to their new place of business. The premises leased, while called a drive in cafe, also had a restaurant inside. It is conceivable that in bad weather, parties would go to the proposed "Toddle House" instead of to the restaurant on the leased premises. We feel, therefore, that the proposal of appellants was in basic competition with the premises they leased to appellees, and therefore in violation of the restrictive covenant. These covenants are inserted in contracts to protect the tenant or purchaser. There is no claim here that the written instrument is ambiguous, and such being the case it must be so construed as to carry out the primary intentions of the parties considered as a whole and given its reasonable, natural and probable meaning. City of Pinehurst v. Spooner Addition Water Company, Tex.Civ.App., 424 S.W.2d 485 (ref. n. r. e.).

While there is some difference in the modus operandi of the leased drive in cafe and the proposed Toddle House, it cannot

be denied that both are engaged in the business of catering to and selling food to the public. We think this does violate the covenant not to compete.

Appellants' point is therefore overruled and the judgment of the trial court affirmed.