Frank V. BEATY, Appellant,

v.

MARITIME ASSOCIATIONS—I.L.A. PENSION, WELFARE & VACATION FUNDS, et al., Appellees.

No. 248.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 28, 1969.

Rehearing Denied June 25, 1969.

Harry Burns, Houston, for appellant.

M. L. Cook, Royston, Rayzor & Cook, Houston, for appellees.

SAM D. JOHNSON, Justice.

Frank V. Beaty, the appellant, is a retired longshoreman. He brought this suit to establish his eligibility under the terms of a pension plan which was provided by the defendants. The case was tried before the court without a jury and judgment was rendered that the plaintiff take nothing. Beaty perfects his appeal to this Court.

The pension plan provided certain benefits for retired longshoremen. The plan enumerated the conditions of eligibility for an age pension in Section 4.1(a) which provides:

"An Employee who has ceased employment in the industry on or after October 1, 1956, shall be eligible to receive an age pension if such Employee:

"(1) Has attained sixty-five (65) years of age.

"(2) Has made formal application * * *

"(3) As of some date on or after October 1, 1956, has completed twenty-five (25) or more years of continuous service in the industry, as described in Section 5.1 of the Plan, during which twenty-five (25) or more years of continuous service such Employee has maintained an average of seven hundred (700) or more hours per year of employment in the industry."

Section 5.1 of the Plan described the term "continuous service" and provides:

"Continuous service is the latest period of uninterrupted employment in the industry ending with the date, on or after October 1, 1956, as of which an Employee claims to have satisfied the continuous service requirements of eligibility for an age or disability pension under Section 4.1 or 4.2 of the Plan. An Employee's employment in the industry, except as provided in Section 4.1(b), shall be considered continuous unless in each of more than two (2) consecutive years, such Employee has less than four hundred (400) hours of employment in the industry; provided, however, that failure to be employed in the industry for at least four hundred (400) hours in any one year for any of the reasons set forth in the remaining provisions of this Section 5.1 will be governed as follows:"

The exception of Section 5.1 pertaining to sickness, injury and military service are not here applicable except Section 5.1(f) which provides:

"Anything in this Section 5.1 to the contrary notwithstanding, if an Employee's continuous service in the industry is interrupted before he is eligible to receive an age or disability pension under the Plan, any hours of employment in the industry rendered before such interruption shall be disregarded in determining such

Employee's eligibility for an age or disability pension under the Plan."

Beaty first started to work as a longshoreman in 1926, and worked as many as 700 hours in the industry for well over 25 years. He did not, however, work as many as 700 hours in industry during the fiscal years beginning October 1, 1957 and ending September 30, 1961. In each of these four consecutive years, Beaty worked less than 400 hours. Beaty attained the required age (which by amendment to the Plan was age 62) on October 14, 1963 and thereupon made an application for an age pension.

Obviously, Beaty did not meet the continuous service requirement if it is to be computed as of the time he reached his 62nd year. It is Beaty's position, however, that he met the necessary requirements for eligibility in that he attained 62 years of age after October 1, 1956 (over seven years thereafter) and had completed more than 25 years of continuous service with the proper average of hours per year of employment in the industry as of October 1, 1956. Appellant contends the Plan does not require the 25 years continuous service to be immediately prior to retirement and that under the Plan the 25 years continuous service may be any period prior to retirement. Beaty strongly contends that the Plan does not require the 25 years of continuous service to necessarily be the last 25 years of service.

Appellee's position is that October 14, 1963 was the earliest date on which Beaty could have been eligible for an age pension and that he had not, on such date, maintained that continuous service or employment in the industry which was required to establish his eligibility.

The trial court was not requested to make findings of fact or conclusions of law. It merely determined that the plaintiff Beaty take nothing in his suit. We find no error in that determination.

 The Plan must be read and construed as a whole. Though appellant might appear to be eligible under the first provision of Section 5.1, nevertheless Section 5.1(f) is a constituent part of that same paragraph. Section 5.1(f) provides that anything in the paragraph notwithstanding, " * * * if an Employee's continuous service in the industry is interrupted before he is eligible to receive an age * * * pension * * *" the service rendered before the interruption shall be disregarded in determining the employee's eligibility. Here Beaty's service was interrupted for a four-year period prior to the time of his eligibility by virtue of age. This paragraph standing alone is sufficient to destroy Beaty's eligibility for its purport is quite clear.

This construction is bolstered when viewed alongside other provisions contained in the Plan. Continuous service is described in paragraph 5.1 with this language: "Continuous service is the *latest period* of uninterrupted employment in the industry * * *" (Emphasis added). Paragraph 4.1(a) (3) provides: "As of some date on or after October 1, 1956, (an employee) has completed twenty-five (25) *or more* years of continuous service in the industry * * *" (Parenthesis and emphasis added).

 In the construction of contracts it is basic that an instrument must be viewed in its entirety and all of its integral parts must be considered and construed together in ascertaining the meaning of the instrument. Glaser v. Henderson, Tex. Civ.App., 2 S.W.2d 987, no writ hist.; St. Mary's Oil Engine Co. v. Allen-Morrow Co., Tex.Civ.App., 20 S.W.2d 266, no writ hist. Each provision in the instrument must be given its reasonable, natural and probable meaning, when considered in relation to the whole. Southwestern Life Ins. Co. v. Houston, Tex.Civ.App., 121 S.W.2d 619, err. ref. Each provision of the instrument must be construed with reference to every other provision so that the effect of one upon the other may be obtained. Brown v. Brown, Tex.Civ.App., 245 S.W. 2d 995, err. ref.; Service Life Ins. Co. v.

Miller, Tex.Civ.App., 271 S.W.2d 301, ref.; n. r. e.

 A fair construction of the entire instrument in this case at bar lends to no other determination than that the 25-year continuous service period must be the last period of employment in the industry on the date when the employee claims, by virtue of having reached age 62, to be eligible for an age pension.

We find no error in the judgment of the trial court and it is affirmed.